## WILLIAMS v. THE STATE.

TURNER, J. 1. It is not apparent from the evidence that the main witness for the State in this case was an accomplice ; and if he were an accomplice, he was sufficiently corroborated by other evidence.

2. The refusal of the court below to rule out as evidence, on motion of the defendant, a paper purporting to be the statement of the accused before the coroner's jury, is not cause for a new trial ; it appearing from a note made by the trial judge that defendant's counsel expressly consented to the admission of the paper when it was offered ; and it not appearing that counsel acted under any misapprehension as to the nature or contents of the paper, or upon what ground the motion to rule it out was based.

3. "The jury in the trial of one who is charged with murder, if they find the accused guilty, are invested by law with the power of fixing the punishment, by recommendation to life imprisonment.    Whether they will so recommend or not is a matter solely in their discretion, which is not limited or confined in any case."    *Cohen* v. *State*, 116 *Ga.* 573.    The trial judge correctly so informed the jury in the present case.

*Judgment affirmed.    All the Justices concur, except Simmons, C. J., absent.*

Argued January 18,—Decided February 12, 1904.

Indictment for murder.    Before Judge Littlejohn.    Dooly superior court.    November 14, 1903.

*Crum & Jones,* for plaintiff in error.    *John C. Hart, attorney-general,* and *F. A. Hooper, solicitor-general,* contra.