A91A1937. BEENE v. THE STATE.
(415 SE2d 545)

ANDREWS, Judge.

Beene was found guilty by a jury of two counts of first degree arson and one count of insurance fraud, arising out of a fire which destroyed Beene's residence and several vehicles.

1. In his first enumeration of error, Beene, an indigent, claims the trial court erred by denying his pre-trial motion for funds to purchase the transcript of his prior civil trial involving the same issues. He argued at the hearing on the motion that the civil trial transcript might be used for cross-examination and impeachment of prosecution witnesses who testified at the civil trial. Other than the denial of the motion, Beene does not make any claim that he was harmed at trial by not having access to the transcript, nor does he point to any portion of the record to demonstrate such harm. See *Howard v. State*, 200 Ga. App. 188, 190 (407 SE2d 769) (1991) (burden on party alleging error to show it affirmatively by the record). Without deciding whether Beene adequately established he was entitled to be provided with a copy of the transcript, there can be no reversible error where no harm is shown. *Gann v. State*, 190 Ga. App. 82, 85-87 (378 SE2d 369) (1989).

2. In his second enumeration, Beene argues that the trial court erred by admitting into evidence, over defendant's best evidence ob-

jection, a photocopy of a letter addressed from a co-defendant to the Georgia Insurance Commissioner claiming that Beene's house had been accidentally destroyed by a fire, and complaining that the insurer had been slow to settle the claim. An examiner from the Commissioner's office testified that he was required to keep the original of the letter, which he had with him, and that the copy offered into evidence was an accurate copy of the original. Without viewing the document, the trial court responded to the defense objection by offering defense counsel the opportunity to compare the original to the copy on cross-examination, which defense counsel later declined to do.[1]

Since the original was available, the interests of the best evidence rule could have been served by comparing it to the copy to insure they were identical. See *Layton v. Morrison*, 145 Ga. App. 307 (243 SE2d 697) (1978). Though this was not done prior to admission of the copy, we find any error to be harmless under the present facts. There was ample evidence to prove beyond a reasonable doubt that the defendant was guilty of the arson charges. The letter was additional proof that after setting the fire the defendant made a fraudulent insurance claim, and was cumulative of other evidence which alone was sufficient to establish beyond any reasonable doubt that the defendant was guilty of insurance fraud. *Moon v. State*, 199 Ga. App. 94, 97 (404 SE2d 273) (1991) (admission of evidence cumulative of other evidence presented at trial cannot constitute reversible error).

3. Thirdly, Beene claims that the trial court erroneously limited cross-examination of a prosecution witness by "rushing" defense counsel on several occasions. The record reflects that the trial court inquired as to how much longer defense counsel intended to cross-examine the witness, and at one point called to counsel's attention that the subject matter of the cross-examination appeared to be repetitious. Nowhere does the record reflect that the trial court directed defense counsel to restrict his cross-examination. If counsel felt rushed by these comments and may have voluntarily abandoned or limited the cross-examination, this provides no basis for a claim of error. *Johnson v. State*, 158 Ga. App. 333, 334 (280 SE2d 379) (1981). We find no abridgment of the defendant's right to confront the witnesses against him, and subject them to a thorough and sifting cross-examination. OCGA § 24-9-64.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

---

[1] Though it is apparent the state intended to introduce this document under OCGA § 24-5-26 as a copy of the letter made in the regular course of business, it failed to establish the necessary foundation to do so.

DECIDED FEBRUARY 17, 1992.

Samuel C. Finster, Sr., for appellant.

Ralph L. Van Pelt, Jr., District Attorney, James D. Franklin, Assistant District Attorney, for appellee.