## A93A0453. JONES v. THE STATE.
(433 SE2d 106)

SMITH, Judge.

Onki Starvinsky Jones was convicted of armed robbery and other crimes. He raises the general grounds, arguing that the evidence was insufficient to convict for armed robbery because only one of several witnesses testified that he actually saw a gun on Jones' person at the time of the robbery.

Four witnesses to the robbery at the Suwanee Swifty in Moultrie, Georgia, testified on behalf of the State. Cynthia Morris, an employee of the store, testified that during the robbery appellant put his hand in his jacket and claimed to have a gun. She also testified that when appellant came around the counter to take money from the register, she backed away because she "didn't want to take a chance on getting shot." Ms. Morris conceded that she did not see a gun.

David Morris, Cynthia's husband, likewise did not see a gun. Mr. Morris stood next to his wife behind the counter during the robbery. He, too, testified that appellant put his hand in his jacket. He testified that he was afraid "because there could have been a gun." Mr. Morris also testified that as appellant exited the store he warned, "Don't try to follow me or this guy will shoot you," referring to an apparent accomplice.

A third witness, Tony Thornton, testified that he was approximately 15 feet from the counter at the time of the robbery. He did not get a good look at the perpetrator, but did see that he had his hand in his abdominal area during the robbery. He also testified that as appellant left, he warned, "If anyone try [sic] to follow us we're going to blow your fucking head off."

The fourth witness, Ralph Williams, Jr., testified that he was directly in front of the counter during the robbery. Williams testified that he actually saw what appeared to be a gun in appellant's jacket. He described the object as having a brown handle and silver barrel.

Williams, like Thornton, testified that appellant warned, using colorful language, that his partner would "blow off" the head of anyone who tried to follow him.

" 'The presence of a weapon during commission of a robbery, necessary to a conviction for armed robbery, may be established by circumstantial evidence, and a conviction for armed robbery may be sustained even though the weapon itself was neither seen nor accurately described by the victim. Some physical manifestation of a weapon is required, however, or some evidence from which the presence of a weapon may be inferred.' " (Citations omitted.) *Hughes v. State*, 185 Ga. App. 40, 41 (363 SE2d 336) (1987).

The evidence, viewed in a light most favorable to the jury's verdict, shows that appellant looked and acted as if he were concealing a weapon in his jacket. None of the witnesses gave any indication that he or she doubted appellant's assertions, both express and implied. Moreover, appellant threatened that his partner would shoot them if they followed. A jury would certainly be authorized under *Hughes* to infer the presence of a weapon, as well as a reasonable apprehension by the store clerk that such weapon might be used, based on these facts alone. *See Moody v. State*, 258 Ga. 818 (375 SE2d 30) (1989).

Appellant's conviction clearly does not depend solely on whether a gun was actually *seen* by anyone in the store. Nevertheless, a jury could reasonably believe, based on Mr. Williams' unique perspective opposite appellant at the counter, that he, and he alone, could actually see what appeared to him to be a handgun in appellant's jacket. The evidence was sufficient for a jury to find appellant guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Howard v. State*, 201 Ga. App. 164, 166 (1) (410 SE2d 782) (1991). We find no error.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 23, 1993.

*Sam J. Gardner, Jr.,* for appellant.
*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney,* for appellee.