## A98A1188. MOORE v. THE STATE.
(509 SE2d 108)

POPE, Presiding Judge.

Appellant Tharda Moore was convicted on one count of burglary with intent to rape and one count of aggravated assault with intent to rape. Moore appeals from the denial of his motion for new trial.

Moore raises three enumerations of error all relating to the trial court's failure to instruct the jury on the elements of rape, the underlying offense of the two charges against him. The State concedes that the trial court committed error in failing to charge the jury on rape. The State also concedes that this error is reviewable by this Court under OCGA § 5-5-24 (c)[1] even though Moore's trial attorney raised no objection to the charge as given. However, the State contends that this error was harmless because, based on the entire record, the evidence of Moore's guilt was overwhelming. See *Lewis v. State*, 180 Ga. App. 890 (351 SE2d 100) (1986).

The evidence shows that on the night in question, the victim was dozing on a sofa in the front room of her house when she awoke to see a man entering the house. They began to struggle. The man was wearing a blue towel wrapped around his face, leaving only his eyes visible. In the struggle, which began in the victim's front room and continued outside to her front porch, the victim's tee shirt, bra and shorts were removed, leaving her in only her underwear. The man hit the victim several times, and in attempting to scratch the man back, the victim managed to pull the towel off his face. The man then threatened to kill her. But the victim was able to break free and run to a neighbor's for help. As she was running to her neighbor's, the victim saw the man drive off in a red car.

The victim called the police and reported that her attacker had driven away in a red car, and that he had been wearing a blue towel around his face. Shortly thereafter, a police officer responding to the dispatcher's call about the incident, spotted Moore driving a red car one block from the scene of the attack. When he stopped Moore, he noticed a blue towel lying on the seat with a reddish stain on it. The officer took Moore back to the victim's house where she identified him as her attacker. The towel found in Moore's car was sent to the GBI crime lab for analysis. The reddish stain was determined to be the victim's blood.

While this evidence strongly supports the jury's findings, we find that the judge committed reversible error in failing to instruct the

---

[1] OCGA § 5-5-24 (c) provides: "[N]otwithstanding any other provision of this Code section, the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not."

jury on the underlying offense of rape. *Kelley v. State*, 201 Ga. App. 343 (3) (411 SE2d 276) (1991) (setting aside conviction for burglary with the intent to commit rape due to trial court's failure to charge jury on underlying offense of rape); *Phelps v. State*, 192 Ga. App. 193 (1) (384 SE2d 260) (1989) (reversing conviction of burglary with intent to commit rape where court failed to charge the jury on the underlying offense of rape). "The failure to define the elements of rape in the charge was error. It is the duty of the judge, with or without request, to give the jury an appropriate instruction on each substantive point of issue involved in a case so as to enable the jury to judiciously decide the guilt or innocence of a defendant. As defendant's intention to rape was an essential element of the crime with which he was charged, the court's failure to legally define rape constitutes reversible error." (Citations and punctuation omitted.) *Phelps v. State*, 192 Ga. App. at 195.

In fact, the trial court's charge could have led the jury to conclude that the offense of aggravated assault could serve as the underlying felony on the burglary charge. The trial judge charged that "[t]he offense of burglary in our law reads as follows: a person commits the offense of burglary when without authority that person enters any building or dwelling house of another with the intent to commit a felony. The offense of aggravated assault constitutes a felony and I will define that a bit for you in a moment." As the jury's verdict simply found Moore guilty of burglary without a further explanation, we are unable to determine what the jury found to be the underlying offense for that charge.

While the trial court did charge that "[t]he intent to rape is a material element of the aggravated assault as charged in this case," the court never defined the offense of rape. Without such a definition, the jury was left without any instruction on an essential element of the offenses charged. We find the trial court's failure to charge on the elements of rape to be error.

Further, we do not find the evidence of Moore's guilt to be so overwhelming as to render this error harmless. While there may be overwhelming evidence to support a conviction for burglary and assault, the evidence is not overwhelming as to the specific intent to commit rape as required for the crimes charged. A jury question exists under the evidence as to whether the attacker intended to rape the victim as defined under the law, or whether the attacker had the intent to commit some other sexual offense, such as sodomy or sexual battery.

Accordingly, we reverse the trial court's denial of Moore's motion for new trial.

*Judgment reversed. Beasley and Ruffin, JJ., concur.*

DECIDED NOVEMBER 9, 1998.

*Michael S. Marr*, for appellant.

*J. David Miller*, District Attorney, *Bradfield M. Shealy*, Assistant District Attorney, for appellee.