A99A1186. HARRIS v. THE STATE.
(520 SE2d 496)

JOHNSON, Chief Judge.

Charles Harris appeals from his armed robbery conviction. He argues that while the evidence would have authorized a conviction of robbery by force or intimidation, it was insufficient to support the armed robbery conviction because there was no evidence that he actually possessed a weapon. This argument is without merit.

Viewed in a light most favorable to the jury's verdict, the evidence shows that Harris approached the counter of the Dollar General Store and placed two items on the counter. After the cashier rang up the items, Harris told her he had a gun and demanded that she give him the money in the cash register. He stepped behind her and pressed something hard against her back, telling her to open the register or he would shoot her. Although the cashier did not see any weapon, she testified that the object felt as if it could have been a gun. The cashier had difficulty opening the register, and as she tried to do so, Harris told her "over and over" that if she did not get the register open, he would shoot her.

A conviction for armed robbery may be sustained even though the weapon itself was not seen by the victim. *Jones v. State*, 209 Ga. App. 138, 139 (433 SE2d 106) (1993). What is required is some physical manifestation of a weapon or some evidence from which the presence of a weapon may be inferred. Id.

The jury in this case was authorized to infer from the evidence the presence of a weapon, as well as a reasonable apprehension by the cashier that the weapon might be used. See *Moody v. State*, 258

Ga. 818, 819-820 (1) (375 SE2d 30) (1989); *Smith v. State*, 215 Ga. App. 673, 674-675 (2) (452 SE2d 526) (1994). The evidence was sufficient for a jury to find Harris guilty of armed robbery beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Sanders v. State*, 204 Ga. App. 37, 38-39 (2) (419 SE2d 24) (1992).

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED JULY 2, 1999.

*Fanning & Hudson, Steven E. Fanning*, for appellant.

*Peter J. Skandalakis, District Attorney, Brett E. Pinion, Assistant District Attorney*, for appellee.