A99A1902. JUDGE v. THE STATE.
(524 SE2d 4)

ELDRIDGE, Judge.

A Cook County jury found Charles Judge guilty of three counts of obstruction of an officer and one count of simple battery, arising from an incident that occurred when Judge became angry while

---

incarcerated at the Adel Police Department. Without challenging the sufficiency of the evidence introduced against him, Judge raises three issues of law that allegedly require reversal. We have reviewed these issues, and, finding them meritless, we affirm his convictions.

The above-referenced incident at the Adel Police Department occurred on March 13, 1994. Judge bonded out on March 14, 1994. He was indicted and pled "not guilty" on July 20, 1994. Attorney Jon McClure filed a notice of appearance and discovery motions on Judge's behalf on July 29, 1994. Cook County has two trial terms each year on the second Monday in January and July. OCGA § 15-6-3 (1) (D).

Judge's case was placed on the January 1995 trial calendar. Attorney McClure sought a continuance, which was granted. Thereafter, McClure agreed to a continuance from the July 1995 trial calendar. Between the July 1995 trial term and the January 1998 trial term, Judge's case was not again placed on a trial calendar. No demand for trial was filed, and in the interim, attorney McClure represented Judge in a civil action in Lowndes County. Also in the interim, and for reasons unexplained, Judge filed a bar complaint and lawsuit against attorney McClure. When Judge's case appeared on the calendar for the July 1998 trial term, attorney McClure filed a motion to withdraw from his representation of Judge because of a conflict of interest. The motion was granted on August 5, 1998. Judge's case was moved to the January 1999 term and was scheduled for trial on February 15, 1999.

On February 5, 1999, Judge retained attorney John D. Holt. Attorney Holt filed an entry of appearance and discovery motions on Judge's behalf on February 10, 1999. He filed a motion to continue the case on February 12, 1999. On February 15, 1999, he filed a motion to dismiss the case based upon a violation of Judge's constitutional right to a speedy trial. During trial, both motions were denied. *Held*:

1. Judge claims error in the trial court's denial of his motion to dismiss based upon an alleged violation of his constitutional right to a speedy trial.

The 36-month delay between the July 1995 continuance and the case's next appearance on the trial calendar in July 1998 creates a threshold presumption of prejudice; however, delay alone does not constitute a violation of the Sixth Amendment right to a speedy trial. *Thomas v. State*, 233 Ga. App. 224, 225 (2) (504 SE2d 59) (1998). Instead, we must balance the following factors outlined in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972): (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant. See also *Johnson v. State*, 268 Ga. 416, 417 (2) (490 SE2d 91) (1997). The trial court's

decision will not be reversed unless an abuse of discretion is shown. *Thomas v. State*, supra at 225.

Upon consideration of the factors described above, it is clear that Judge contributed to the initial delay of the trial of the case by both seeking and agreeing to continue the case. Thereafter, when the case finally came up for trial again, further delay was engendered because Judge was dissatisfied with his defense attorney. Following that delay, Judge's new defense counsel sought to continue the case *again*, because Judge delayed in hiring him. At no time did Judge ever assert his right to trial or file a demand for trial. Moreover, Judge remained out on bond during the entire 36 months prior to trial. Finally, the only prejudice asserted by Judge is the loss of the testimony of one witness, Ann Overstreet, who was not present during the acts for which Judge was indicted; who could not testify regarding the acts for which Judge was indicted; whose proffered testimony appeared to be inadmissible hearsay; and whose testimony was cumulative of another defense witness, her son-in-law Terry Lumpkin, who was present at trial and testified on Judge's behalf.

Balancing the factors pursuant to *Barker v. Wingo*, supra at 533, we find no abuse of discretion in the trial court's determination that the State did not violate Judge's Sixth Amendment right to a speedy trial. Thus, Judge's motion to dismiss based thereon was properly denied.

2. We likewise find no error in the trial court's denial of Judge's motion for continuance based upon his new attorney's lack of time to prepare for trial. Judge's case was continued from the July 1998 trial calendar because of a conflict with his prior defense attorney. Judge was aware that his case was to be placed on the next trial calender, i.e., the January 1999 trial term. Judge, therefore, had six months to hire an attorney to represent him. He waited until ten days before trial to hire an attorney.

> A motion for a continuance predicated on the basis of counsel's lack of preparation for trial addresses itself to the sound discretion of the trial court and a ruling denying such a motion will not be interfered with unless the court has abused its discretion in denying the motion. In these cases we have noted that the conduct of the party is a relevant and proper consideration of the court in the exercise of its discretion in order to prevent a party using the discharge and employment of counsel as a dilatory tactic. In all cases, the party making an application for a continuance must show that he has used due diligence. OCGA § 17-8-20.

(Citations and punctuation omitted.) *Marion v. State*, 224 Ga. App.

413, 414 (480 SE2d 869) (1997).

Here, the trial court specifically noted that Judge delayed in hiring defense counsel, thereby dragging the case out further:

> And I told him that I was going to give him one more term and then we were going to try this case. I had to get rid of it and that was it. Now, the fact that he didn't call you till [sic] ten days ago, whenever it was, I mean, it's not your fault. . . . I'm going to turn the continuance down.

On its face, the court's determination appears reasonable under the circumstances. Further, before this Court, Judge has not alleged how a continuance would have benefited the defense. The bare assertion in Judge's brief that more time was needed to "locate and interview witnesses" rings hollow when ten days prior to trial, Judge's new defense counsel furnished the State with a discovery notice listing approximately seventeen witnesses *and the substance to which such witnesses would testify*. Notably, almost all of the listed witnesses had no knowledge of the acts for which Judge was indicted. However, the representations in the notice demonstrated that, for the most part, the attorney knew the location of the witnesses and knew what they would say. Accordingly, Judge has failed to show the trial court abused its discretion in denying the motion for continuance.

3. Judge contends that the trial court failed to take judicial notice of the trial notices contained in the clerk's file. He claims that taking such judicial notice "would have been helpful to the jury as the notices would have been available in evidence for the jury to consider." However, the trial notices are applicable only to Judge's contentions regarding his right to a speedy trial. They have absolutely no evidentiary value with regard to the issues the jury was to decide. Moreover, the trial notices are part of the record in this case. The trial court considered them in evaluating Judge's speedy trial claim. And so has this Court. Judge's contention is without merit.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 15, 1999 —
RECONSIDERATION DENIED OCTOBER 28, 1999.

*John D. Holt*, for appellant.
*Robert B. Ellis, Jr., District Attorney, Timothy L. Eidson, Assistant District Attorney*, for appellee.