A00A0189. BEARDEN v. THE STATE.
A00A0190. JABLONOWSKI v. THE STATE.
(528 SE2d 275)

JOHNSON, Chief Judge.

Joshua Bearden and co-defendant Michael Jablonowski were both convicted in superior court of armed robbery. Both contend the evidence was insufficient to support their convictions and that the

trial court erred in not transferring the cases to juvenile court. In addition, Jablonowski contends the trial court erred in failing to grant a continuance so that he could obtain hired counsel. For purposes of appeal, we will consider these cases together.

1. Viewed in a light most favorable to support the verdict, the evidence shows that two men dressed in black clothing with stockings on their heads entered the victims' home. One man wore a camouflage hat with a brim, and the other wore a baseball cap. The man later identified as Jablonowski was yelling and asking for money. The man later identified as Bearden stood by the door, pointing the gun at the victims. The victims had no money, but the men took one of the victims' wallets and ran out the door.

Four days later, officers received information from a man who was repossessing a car in the victims' neighborhood. The officers were given the defendants' first names. A few hours later, officers received a call from another individual who gave them the defendants' full names.

Officers interviewed Jablonowski at his home. Initially, he denied involvement and told officers he had been with his girlfriend at the time the crime was committed. However, the girlfriend's story was different from Jablonowski's claims. After confronting Jablonowski with the discrepancies, the officers concluded the interview. Later that evening, Jablonowski's mother called and set up an interview for the following day. After being given his *Miranda* warnings, Jablonowski was interviewed with his mother present. During the interview, he admitted his involvement in the robbery and described how it was done. The officers also interviewed Bearden with his father present after giving him his *Miranda* warnings, and he admitted his involvement.

After the interviews, officers searched the house where both Bearden and Jablonowski were staying at the time of the armed robbery. Officers discovered the rifle used during the armed robbery, boots that matched the tread pattern of the footprint found at the victims' house, and black clothing identified by the defendants as what they had worn during the robbery. Officers also observed a footprint on the door of Bearden and Jablonowski's residence that matched the one found at the scene of the robbery.

At trial, both Bearden and Jablonowski confessed on the witness stand to having committed the armed robbery. They also testified regarding their use of the rifle to commit the robbery. Clearly the evidence was sufficient for a rational trier of fact to find Bearden and Jablonowski guilty beyond a reasonable doubt of armed robbery.[1]

---

[1] See *Harris v. State*, 238 Ga. App. 817 (520 SE2d 496) (1999).

Bearden contends the evidence was insufficient because his statement to officers was not voluntary and should not have been admitted. However, we need not address the merits of this argument because both Bearden and Jablonowski confessed to the crime at trial and gave details regarding the crime. Because Bearden's statement to officers was merely cumulative of his own trial testimony and his co-defendant's trial testimony, any error in admitting evidence of his custodial statement was harmless.[2] In this case, the overwhelming evidence of Bearden's guilt negates the possibility that any error which may have occurred regarding the admission of his statement contributed to the guilty verdict.[3]

Jablonowski contends he should have been convicted only of robbery by intimidation. However, the testimony of the victims, Bearden, and Jablonowski shows that a rifle was used to accomplish the robbery. Thus, Jablonowski's claim lacks merit.

2. The trial court did not err in refusing to transfer the cases to juvenile court. At the time of the armed robbery, Bearden was 16 years old and Jablonowski was 15 years old. The superior court has exclusive jurisdiction over the trial of any person 13 to 17 years of age who is alleged to have committed armed robbery with a firearm.[4] Because this case involved the use of a rifle, it clearly falls within the superior court's exclusive jurisdiction.

3. Jablonowski contends the trial court erred in failing to grant him a continuance so that he could obtain hired counsel to represent him at trial. We disagree because the record shows that Jablonowski did not exercise due diligence to retain counsel.

Motions for continuance based on insufficient time to hire or substitute counsel are addressed to the sound discretion of the trial judge, and the trial judge's ruling will not be overturned absent an abuse of discretion.[5] In addition, the trial judge may consider the conduct of a party in order to prevent a party from using the discharge and employment of counsel as a dilatory tactic.[6] The party requesting the continuance must show that he exercised due diligence.[7]

---

[2] See *Burnham v. State*, 265 Ga. 129, 134 (6) (453 SE2d 449) (1995); *Manchester v. State*, 226 Ga. App. 653, 656 (3) (487 SE2d 449) (1997); *Pierce v. State*, 209 Ga. App. 366, 367 (1) (433 SE2d 641) (1993).

[3] See *Dukes v. State*, 224 Ga. App. 305, 308 (2) (480 SE2d 340) (1997).

[4] OCGA § 15-11-5 (b) (2) (A) (vii); *State v. Watson*, 239 Ga. App. 482, 483, n. 1 (520 SE2d 911) (1999).

[5] See *Bennett v. State*, 186 Ga. App. 832 (2) (368 SE2d 789) (1988); *Beard v. State*, 178 Ga. App. 265 (1) (342 SE2d 751) (1986).

[6] See *Marion v. State*, 224 Ga. App. 413, 414 (1) (480 SE2d 869) (1997).

[7] Id.

As Jablonowski's appellate brief indicates:

> Trial counsel had been appointed substantially prior to the trial in question and no previous attempts had been made to hire counsel or substitute counsel prior to trial. According to the statements of [Jablonowski's mother], she had only made an attempt to try and obtain counsel beginning on the Saturday prior to the Monday trial date. . . .

Nonetheless, Jablonowski contends his request for a continuance should have been granted merely because his mother indicated that she was not attempting to delay the impending trial. The trial court is not bound to accept such a conclusory statement. Moreover, Jablonowski has not suggested any evidence or any matter whatsoever which he could have presented in his defense if he had had more time to prepare.[8] We cannot say that the trial court erred in denying a continuance when Jablonowski made no attempt to hire counsel until the weekend before his scheduled trial.

*Judgments affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED JANUARY 18, 2000.

*Rodney L. Mathis*, for appellant (case no. A00A0189).
*William R. Thompson, Jr.*, for appellant (case no. A00A0190).
*T. Joseph Campbell, District Attorney, Rebecca B. Paris, Assistant District Attorney*, for appellee.

---

[8] See *Warren v. State*, 232 Ga. App. 488, 490 (3) (a) (502 SE2d 336) (1998).