A00A0729. CUNNINGHAM v. THE STATE.
(535 SE2d 262)

MILLER, Judge.

The questions on appeal are threefold: (1) whether the trial court abused its discretion in denying a motion for continuance where the defendant had substituted new counsel shortly before trial and where this new counsel had difficulty in obtaining transcripts of the completed trial of co-indictees; (2) whether defendant could first consent to the admission of the co-indictees' statements and convictions (as part of a trial strategy of blaming the co-indictees for the crimes) and then argue on appeal that such evidence should not have been admitted; and (3) whether this unsuccessful trial strategy demanded a finding that defendant received ineffective assistance of counsel. We answer each question in the negative and affirm.

Construed in favor of the verdict, the evidence showed that in June 1995 William Cunningham and two other men surrounded the victim in an apartment complex parking lot as she was transferring suitcases from her car to her boyfriend's truck. Cunningham brandished a gun and demanded her money, which he and the others took along with her jewelry and other personal property. Realizing that a neighbor was witnessing the robbery, Cunningham demanded her car keys, forced her into the back seat of her car with him at her side, and had one of the other men drive the car away with the remaining man seated in front. Cunningham forced the victim at gunpoint to perform oral sex on him and to disrobe, whereupon he placed her on his lap and partially penetrated her. Cunningham then forced her into the trunk, from which she later escaped (with injury) after unlatching the lock.

When police later found the other two men in possession of the stolen vehicle, they confessed to the material facts with the exception of the sexual assaults, with only one implicating Cunningham as attempting the rape. When arrested, Cunningham also confessed to the armed robbery, the kidnapping, and the carjacking but denied any sexual assaults.

Tried separately from Cunningham in November 1995, the other two men were convicted of kidnapping with bodily injury, armed robbery, hijacking a motor vehicle, aggravated sodomy, and rape. After Cunningham's trial in January 1996 in which he was convicted of the

same charges, he moved for a new trial on various grounds, including ineffective assistance of counsel. The court denied the motion, and he appeals.

1. Cunningham first complains that the court erred in denying a motion for a continuance. The record reflects that Cunningham's first counsel appeared for him in June 1995 and engaged in extensive discovery. Three times Cunningham's case was placed on the trial calendar, and three times it was continued. Three weeks prior to the fourth trial date in January 1996, Cunningham discharged his counsel and hired new counsel, who immediately moved for a continuance on the grounds that she needed more time to prepare and that she had been unsuccessful in obtaining the trial transcript from the November trial of the two co-indictees. On the morning of trial the court held a hearing on the motion, at which time the new counsel admitted that for the most part she was ready and that in the last two weeks she had not spoken to the court reporter regarding the desired transcript. The court denied the motion.

Whether to grant a motion to continue is entirely within the sound legal discretion of the trial court.[1] Unless it clearly appears that the trial court abused that discretion, we will not disturb the denial of a continuance sought on the ground defendant's new counsel had insufficient time to prepare.[2] Even though the new attorney may have only two weeks to prepare, denying a continuance is not an abuse of discretion,[3] particularly where the short time period arises from defendant's voluntary decision to substitute new counsel.[4] We discern no abuse here.

Nor do we find the denial of a continuance to be an abuse of discretion where the basis for the continuance is the lack of a transcript,[5] unless defendant has shown due diligence in obtaining the transcript.[6] Here, there was no showing that the first counsel had sought the transcript, and the new counsel made only a single request for the transcript with no follow-up in the two weeks before trial.

Moreover, even if Cunningham and his counsel had been dili-

---

[1] OCGA § 17-8-22.

[2] *Holder v. State*, 242 Ga. App. 479, 483 (7) (529 SE2d 907) (2000).

[3] *Judge v. State*, 240 Ga. App. 541, 543 (2) (524 SE2d 4) (1999); see also *Corbin v. State*, 212 Ga. 231 (1) (91 SE2d 764) (1956).

[4] See *Bearden v. State*, 241 Ga. App. 842, 844-845 (3) (528 SE2d 275) (2000); *Judge*, supra, 240 Ga. App. at 543 (2).

[5] *Moreland v. State*, 213 Ga. App. 75, 76 (2) (443 SE2d 701) (1994); cf. *Kier v. State*, 240 Ga. App. 152, 153 (525 SE2d 102) (1999).

[6] See *Bearden*, supra, 241 Ga. App. at 844 (3) ("[t]he party requesting the continuance must show that he exercised due diligence.") (footnote omitted); compare *Coaxum v. State*, 146 Ga. App. 370, 371 (4) (246 SE2d 403) (1978) (counsel made repeated requests over a one-year period for transcripts).

gent, Cunningham made no effort (even post-conviction) to demonstrate specifically how the transcript would have helped his examinations at trial or otherwise assisted in his defense. Absent such a showing, there is no reversible error.[7]

2. Cunningham next contends that the court erred in allowing the State to introduce custodial statements by his co-indictees regarding Cunningham's participation in the crimes and to introduce proof that these co-indictees had been convicted of the same crimes with which Cunningham was charged. Citing *Price v. State*,[8] *Boatwright v. State*,[9] and *Mindock v. State*,[10] he concedes that this evidence was admitted without objection yet argues that it should be reviewed under the "plain error" doctrine.

As part of his conscious trial strategy of denying the sexual assaults or shifting blame to the co-indictees, Cunningham specifically requested that these two co-indictees be available to testify as witnesses. Out of an abundance of caution, the State asked whether Cunningham's counsel would be discussing that testimony in her opening statement and, if so, whether she would have any objection to the State referencing the confessions or convictions of the co-indictees in its opening statement. The judge cautioned Cunningham's counsel that the State would not be allowed to discuss such unless she agreed. Counsel responded that she intended to build on what the co-indictees had already said and therefore had no objection to the State referencing their confessions or their convictions. In opening statement, Cunningham's counsel referenced the content of their confessions and later indicated to the court that she intended to introduce the videotapes of those confessions if the co-indictees did not testify.

During its case-in-chief, the State put on testimony as to the statements of the co-indictees that Cunningham was the one in the back seat with the victim (a fact admitted by Cunningham) and the statement of one co-indictee that Cunningham tried to penetrate her. The State also elicited without objection testimony that the co-indictees had been convicted of the same charges and therefore had no motive to lie, as that implicated them also. Having invited this testimony at every turn, Cunningham eventually chose to present no evidence.

On appeal, Cunningham reverses field, now claiming that the trial court should have ignored Cunningham's express acquiescence

---

[7] *Beene v. State*, 202 Ga. App. 857 (1) (415 SE2d 545) (1992); *Gann v. State*, 190 Ga. App. 82, 85-87 (3) (378 SE2d 369) (1989).

[8] 239 Ga. 439, 442 (2) (238 SE2d 24) (1977).

[9] 193 Ga. App. 141, 142 (2) (387 SE2d 386) (1989).

[10] 187 Ga. App. 508 (2) (370 SE2d 670) (1988).

and should have forbidden the State from introducing the co-indictees' statements and convictions. "A party may not complain on appeal of a ruling that he contributed to or acquiesced in by his own action, trial strategy, or conduct."[11] Specific acquiescence to the introduction of certain objectionable evidence precludes reversal and a new trial on this ground.[12]

3. Arguing that this trial strategy of allowing in the statements and convictions of the co-indictees was fatally flawed, Cunningham claims that he received ineffective assistance of counsel. "[T]actical errors do not constitute ineffective assistance."[13] Absent evidence to the contrary,[14] the decision not to object to certain evidence is presumed strategic and provides no valid basis for an ineffective assistance claim.[15]

*Judgment affirmed. Pope, P. J., and Smith, P. J., concur.*

DECIDED MAY 26, 2000.

*Jeffrey P. Manciagli*, for appellant.
*David McDade, District Attorney*, for appellee.

---

[11] (Footnote omitted.) *Holcomb v. State*, 268 Ga. 100, 103 (2) (485 SE2d 192) (1997); see *Maxwell v. State*, 233 Ga. App. 419, 423 (4) (b) (503 SE2d 668) (1998) ("[i]t is a well-settled appellate rule that one cannot complain about a ruling of the trial court which the party's own trial tactics or conduct procured or aided in causing. [Cit.]").

[12] *Brady v. State*, 270 Ga. 574, 579 (5) (b) (513 SE2d 199) (1999); see *Williams v. State*, 119 Ga. 425 (2) (46 SE 626) (1904).

[13] (Citation omitted.) *Scott v. State*, 234 Ga. App. 378, 379 (2) (506 SE2d 880) (1998); see *Wallace v. State*, 238 Ga. App. 69, 70 (2) (517 SE2d 801) (1999) ("trial tactics or strategy does not constitute ineffectiveness. [Cit.]").

[14] Cunningham chose not to call his trial counsel to testify.

[15] *Hamilton v. State*, 238 Ga. App. 320, 322 (3) (517 SE2d 118) (1999); see *Thomas v. State*, 268 Ga. 135, 139 (12) (485 SE2d 783) (1997).