### A01A1397. WILLIAMS v. THE STATE.
(556 SE2d 170)

BLACKBURN, Chief Judge.

Following a jury trial, Joel R. Williams appeals his conviction for driving with a suspended license, driving without a valid license, driving without proof of insurance, fleeing and eluding police officers, reckless driving, criminal damage to property, and interference with government property.[1] In his sole enumeration of error, Williams contends that the trial court failed to adequately charge the jury on the issue of intent. For the reasons set forth below, we affirm.

Although the record reveals that Williams made no written request to charge the jury regarding intent, OCGA § 5-5-24 (c) provides that "the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made . . . or not." Moreover, " '[i]t is the duty of the judge, with or without request, to give the jury an appropriate instruction on each substantive point of issue involved in a case so as to enable the jury to judiciously decide the guilt or innocence of a defendant.' " *Moore v. State.*[2]

A review of the transcript reveals that the trial court adequately instructed the jury on intent in this case. The trial court charged the jury:

> [A] crime is a violation of a statute of this state in which there shall be a union or joint operation of act or omission to act and intention or criminal negligence. I've stated to you that a crime is a violation of a statute, and that's why I'm going to read these statutes to you. Now, some of these statutes require criminal intent and some of them criminal negligence. Basically, traffic violations require criminal negligence. And, intent, criminal intent is the intention to do the act that the statute says don't do. A person will not be presumed to act with criminal intention, but the trier of facts; that is, the jury, may find such intention or you may find an

---

[1] Although Williams was also indicted for driving under the influence and aggravated assault, the jury found him not guilty for these crimes.
[2] *Moore v. State*, 235 Ga. App. 175, 176 (509 SE2d 108) (1998).

absence of it upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted.

Following these instructions, the trial court read the portion of the Georgia statute relating to each of the crimes with which Williams had been indicted. Although he reserved any objection to the charge, Williams made no requests at the time that it was given to modify the instructions regarding intent.

"It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error." *Williams v. State.*[3] Moreover, even a misstatement of the law contained in jury instructions does not constitute reversible error if the charge "conveys correctly the intent of the law and is so framed as to be applied with understanding to the fact situation." (Punctuation omitted.) *Ga. Kraft Co. &c. v. Laborers' Intl. Union &c.*[4]

In this case, the trial court properly instructed the jury that, in order to convict Williams, a finding of intent was required. Following this general charge, the trial court then differentiated the types of intent involved and read the elements of each crime directly from the statutes for the jury's consideration. As a whole, these instructions appropriately enabled the jury to judiciously determine the guilt or innocence of Williams.

Finally, Williams argues that, because the trial court charged the jury that "traffic violations [basically] require criminal negligence," the jury may have thought that all of the crimes with which he was charged were traffic violations because they involved the use of an automobile. In other words, Williams argues that, due to a confusing charge, the jury may have inappropriately applied a criminal negligence standard to all of the crimes he was accused of committing, thereby lowering the necessary standard of conviction. The verdict, itself, however, proves this argument to be meritless. Although Williams was indicted for driving under the influence and aggravated assault along with the other crimes, the jury ultimately acquitted him on these charges. Clearly, the jury was able to employ common sense and discern that, although the aggravated assault charges arose from improper use of an automobile, the aggravated assault was not a traffic violation involving criminal negligence. We must assume that the jury applied this same modicum of common sense to the remaining charges as well.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

---

[3] *Williams v. State*, 249 Ga. 822, 825 (3) (295 SE2d 293) (1982).
[4] *Ga. Kraft Co. &c. v. Laborers' Intl. Union &c.*, 170 Ga. App. 581, 584 (3) (317 SE2d 602) (1984).

DECIDED NOVEMBER 2, 2001.

*Jeffrey W. Cofer*, for appellant.

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.

