## A03A1333. WILLIAMS v. THE STATE.
(586 SE2d 751)

JOHNSON, Presiding Judge.

After a third jury trial, Antonio Williams was found guilty of rape, aggravated sodomy, robbery by force, and one count of burglary.[1] He was found not guilty of a second count of burglary. Williams appeals from the convictions entered on the verdict, claiming the trial court erred in its response to an inquiry from the jury during deliberations, in denying his request at trial for new counsel based on his disagreement with appointed counsel, and in admitting a police officer's written summary of Williams' pre-trial statement to police. None of the enumerations has merit, so we affirm the convictions.

Viewed in a light most favorable to the verdict, the evidence shows that a man entered a woman's apartment by removing glass from a back door. The man placed his hand over the sleeping

---

[1] Williams' first trial resulted in a hung jury and mistrial. A second trial resulted in a conviction on all counts, but the convictions were overturned on appeal based on a *Batson v. Kentucky* issue, and Williams was granted a new trial. *Williams v. State*, 249 Ga. App. 292 (548 SE2d 63) (2001).

woman's mouth, awakening her. He then punched her in the face and threatened to kill her. The man forced the victim to have sexual intercourse with him and to perform oral sex upon him. He also snatched off her jewelry and stole it. The victim's apartment had been burglarized about a week earlier, and jewelry was taken.

The victim identified Williams as her assailant. Before the attack, she had seen him visiting her next-door neighbor, who was Williams' cousin, and had also seen him at a nightclub. DNA analysis indicated that sperm taken from the victim's vagina in the rape investigation originated from Williams.

1. After the jury began deliberations, the jury submitted the following written question to the trial court: "Do all jurors have to agree for Not Guilty?" With no objection from Williams, the court gave the jury the following written response: "Whatever your verdict is, it must be unanimous, that is, agreed by all."

In his appellate brief, Williams maintains that the court should have simultaneously instructed the jurors that "each one of them should vote according to their own conscience and should not give up their own honest opinion in the interest of reaching a unanimous verdict." He adds that the recharge as given overemphasized the goal of reaching a unanimous verdict. Although the record reveals that Williams made no objection to the court's recharge, we will consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether an objection was made.[2]

When the jury, after having received complete instructions on the law applicable to the case, requests additional instructions on a particular point, the trial court, in its discretion, may address either the specific point raised or recharge the jury in full.[3] Because the jury asked simply whether the verdict had to be unanimous, the court's instruction on that issue alone was sufficient.[4]

We note that the trial court's initial charge to the jury included instructions that: whatever "the verdict is, it must be unanimous," that is, "agreed by all"; and that they must deliberate "with an open mind," must each decide the case for themselves, and "should never surrender an honest opinion in order to be congenial or to reach a verdict solely because of the opinions of the other jurors." The trial court's failure to include the additional language in the recharge was not harmful.[5]

---

[2] See *Williams v. State*, 252 Ga. App. 280 (556 SE2d 170) (2001).

[3] See *Chung v. State*, 240 Ga. App. 394, 397 (4) (523 SE2d 615) (1999).

[4] See *Williams v. State*, 151 Ga. App. 765, 766 (261 SE2d 487) (1979).

[5] See generally *Rodriguez v. State*, 211 Ga. App. 256, 257 (3) (439 SE2d 510) (1993); *Chung*, supra.

2. Williams contends that the trial court should have granted his request for a continuance when, on the morning of trial, Williams and his appointed counsel had a disagreement regarding trial strategy. In his brief, Williams does not elaborate or disclose the nature of the disagreement.

The trial transcript shows that on the morning of the trial, Williams announced to the trial court that he had "a problem" with his attorney. When asked to explain, Williams pointed out a discrepancy in the numbering of the pages of the victim's written statement, and complained about inaccuracies regarding arrest and DNA testing dates shown in an exhibit. Although Williams did not expressly request either a new attorney or a continuance, the trial court treated Williams' complaint as requests for such.

The trial court informed Williams that the issues he raised concerning the exhibits could be addressed during cross-examination of the state's witnesses. Williams then told the court that he was "not happy with my representation," and that his attorney had told him minutes earlier: "Maybe you ought to be the lawyer." According to Williams, the attorney's remark made him feel as if his freedom was in jeopardy. In denying Williams' implied request for a continuance in order to secure new counsel, the trial judge pointed out that Williams' attorney filed the successful appeal which resulted in his receiving the third trial, that counsel was an experienced attorney familiar with the case, that counsel did a thorough job investigating and preparing the case for trial, and that counsel had filed appropriate motions in the case.

The decision as to whether a continuance will be granted rests entirely within the sound legal discretion of the trial court.[6] The standard of review is abuse of discretion.[7] We find no abuse of the trial court's discretion in denying the purported motion made on the day of trial, particularly given counsel's history with the case, his level of preparation, and the trial court's opinion regarding counsel's competence and experience. Moreover, given that Williams' only complaints involved the treatment of minor discrepancies as to two exhibits and counsel's isolated remark that perhaps Williams should represent himself, we find that this enumeration presents no basis for reversal.[8]

3. At trial, an officer testified that he informed Williams of his *Miranda* rights and interviewed Williams in his office about the offenses at issue. Williams then agreed to give a formal, written

---

[6] OCGA § 17-8-22; *Cunningham v. State*, 244 Ga. App. 231, 232 (1) (535 SE2d 262) (2000).

[7] Id.

[8] See generally *Timberlake v. State*, 200 Ga. App. 64, 70 (8) (406 SE2d 537) (1991).

statement. Moments later, a secretary recorded and transcribed the officer's questions and Williams' responses. Williams initialed and signed the transcript. About 12 days after the interview took place, the officer compiled a summary of Williams' responses; the officer referred to the summary as a supplemental report. The officer based the summary not only on the interview that was transcribed, but on his notes taken during the questioning which preceded the transcribed interview, and his "interpretation or my recollections of what was said during our interview back in the office. Naturally, they're going to be different."

Williams urges that the officer should not have been permitted to testify regarding the contents of the summary because there are significant differences between the summary prepared by the officer and the transcript of Williams' statement prepared by the secretary. While Williams does not state what the differences are, he contends that the discrepancies render the officer's testimony regarding the summary inadmissible.

The fact that the two accounts of the interview may have not been identical affects only the weight to be accorded the statement at issue by the factfinder, not its admissibility.[9] At trial, defense counsel extensively cross-examined the officer regarding his recollection and account of the interview, and the trial court thoroughly instructed the jury on the law regarding credibility. There was no error in admitting testimony regarding the summary.[10]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED AUGUST 25, 2003.

*Randall & Nestor, Brian T. Randall*, for appellant.
*Howard Z. Simms, District Attorney, Dorothy A. Vinson, Assistant District Attorney*, for appellee.

---

[9] See generally *Morrow v. State*, 226 Ga. App. 833, 835 (2) (487 SE2d 669) (1997).
[10] See generally id.; *Thompson v. State*, 201 Ga. App. 646, 647 (1) (411 SE2d 886) (1991).