**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 1, 2015**

# In the Court of Appeals of Georgia

A15A1519. LEVIN v. THE STATE.

BARNES, Presiding Judge.

In 1994, Gregory A. Levin was tried by a jury and convicted of kidnapping with bodily injury, two counts of aggravated assault, burglary, cruelty to children, aggravated battery, possession of a firearm during the commission of a crime, and making harassing phone calls.[1] The trial court merged the aggravated battery conviction into the kidnapping with bodily injury conviction and sentenced Levin to a total of life plus 48 years in confinement. Levin appealed, and this Court reversed his conviction for making harassing telephone calls based on an improper verdict form, and his convictions for aggravated assault and possession of a firearm based on erroneous jury charges. *Levin v. State*, 222 Ga. App. 123, 126-127 (5), (6) (473 SE2d 582) (1996).

---

[1] Levin was found guilty but mentally ill of kidnapping with bodily injury and making harassing phone calls.

In 2014, the Georgia Supreme Court reversed Levin's conviction for kidnapping with bodily injury and vacated his life sentence based on the State's failure to satisfy the asportation requirement as set forth in *Garza v. State*, 284 Ga. 696 (670 SE2d 73) (2008).[2] *Levin v. Morales*, 295 Ga. 781 (764 SE2d 145) (2014). The Court also noted that the aggravated battery conviction had been merged into the kidnapping conviction and ordered, "[n]ow that the kidnapping conviction has been reversed, on remand the trial court will need to revisit sentencing appellant on the conviction for aggravated battery." Id. at 784.

On remand, the trial court conducted a resentencing hearing and on the day of the hearing, Levin filed a plea in bar on double jeopardy grounds, seeking dismissal of the aggravated battery count of the indictment. The trial court denied the plea in bar , and sentenced Levin to 20 years in confinement for the aggravated battery conviction. Levin now appeals the trial court's denial of his plea in bar and his resentencing. For reasons that follow, we affirm.

The facts of the case, as set forth in the Georgia Supreme Court's opinion, are as follows:

---

[2] *Garza* was superseded by statute for offenses occurring after July 1, 2009. See OCGA § 16-5-40 (b); *Thomas v. State*, 289 Ga. 877, 879 (2) n.3 (717 SE2d 187) (2011).

The record shows that the victim [Levin's ex-wife] was asleep in her bedroom when her 12-year-old daughter heard appellant banging on the back door of their small duplex apartment. The daughter ran into the bedroom, woke her mother, and closed and locked the bedroom door. Determining that they could not leave the bedroom because the windows were painted shut, the victim called police. While the victim was on the phone with authorities, appellant entered the house and proceeded to punch through the bedroom door so he could unlock it. The daughter testified that when appellant entered the bedroom he had a hammer and a gun in his hands. The victim was able to tell police about the gun before appellant snatched the phone away from her and hung it up. When the phone rang immediately after having been placed on its cradle, appellant destroyed it. Appellant told the daughter to leave the house, and she did so. As she ran out of the house police were arriving on the scene. After the daughter left and while still in the victim's bedroom, appellant held the gun to the victim's head, made threats, and slapped her. He also hit the victim on the back with an unattached bureau mirror, pistol whipped her, and kicked her in the stomach. Then he started destroying the bedroom furniture. At some point, the police used a public address system, instructing appellant to call them so they could negotiate the victim's release. Having destroyed the phone in the bedroom, appellant dragged the victim by the neck and at gunpoint to the living room in order to retrieve a working telephone. Upon retrieving the telephone, he took the victim back to the bedroom. At that point, he also barricaded the front and back doors of the apartment.

3

Appellant held the victim hostage for approximately 12 hours. . . . The victim testified she was with appellant throughout the entire ordeal and that any movement was at gunpoint. . . . The incident ended when a SWAT team forced their way into the apartment and apprehended appellant.

*Levin*, 295 Ga. at 781-782.

1. Levin contends that the evidence was insufficient to support his conviction for aggravated battery, which was based on his indictment for maliciously causing bodily harm to the victim "by seriously disfiguring her body by repeatedly beating her about her head, face and body." He argues that the evidence only showed some bruising on the victim's face and did not rise to the level of serious disfigurement. We disagree.

"Following a criminal conviction, the defendant is no longer presumed innocent, and we view the evidence in the light most favorable to sustain the verdict." (Citation and punctuation omitted.) *Jones v. State*, 329 Ga. App. 439 (765 SE2d 639) (2014). So viewed, the evidence showed that after the victim was rescued by the SWAT team, she was taken to the hospital. Her daughter saw her when she arrived at the hospital and testified that she looked like "[a] pumpkin." "Her face was swollen . . . and she had a real bad bruised eye and she had blood on her and her lips were

4

swollen. Basically her whole face was swollen." The victim testified that Levin repeatedly slapped and hit her, kicked her in the stomach, hit her in the back with a large bureau mirror, punched her in the nose, beat her with the gun, choked her, and dragged her around with his arm around her throat. He also rammed the gun and his finger sharply into her eye, slammed her against the refrigerator, and hit her in the back of the head with the gun so hard that she couldn't stand up, lost her balance, and thought she had a concussion. Police officers at the hospital observed the victim's injuries and took photographs, which showed her bruised and swollen face, with one eye swollen shut, and a "goose egg" on her face. The victim also sustained injuries to her hands, which photographs showed were bruised and swollen from the beating, and her feet, which were cut from walking on glass Levin had broken.

> A person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another . . . by seriously disfiguring his or her body or a member thereof. OCGA § 16–5–24(a). Although OCGA § 16–5–24 does not define the term "serious disfiguring," this Court has ruled that the crime of aggravated battery does not require that the victim's disfigurement be permanent; however, the injury must be more severe than a mere visible or superficial wound. Notwithstanding this threshold for determining whether the disfiguring injuries meet the requisite level of seriousness to constitute an aggravated battery, we have further acknowledged that the

5

circumstances of each aggravated battery vary; thus, whether a disfigurement is serious is almost always a question for the jury to resolve on a case-by-case basis.

(Citations and punctuation omitted.) *Jones*, 329 Ga. App. at 443 (1) (a).

Based on the evidence of the victim's injuries, the jury could reasonably find that the combined injuries to her face, eyes, head, hands, and feet were more than mere visible or superficial wounds and that the victim's disfigurement was serious. See *Penland v. State*, 229 Ga. 256, 257 (1) (190 SE2d 900) (1972) (evidence sufficient for aggravated battery conviction where victim's head was covered in blood, body was covered with cuts and bruises, eyes were swollen shut, and she was incoherent after the attack); *Jones*, 329 Ga. App. at 444 (1) (a) (jury could reasonably find serious disfigurement where victim had marks on her jaw, neck, and earlobe and cuts on her ear and eye area; both eyes were bruised and swollen shut, and she temporarily lost consciousness); cf. *Williams v. State*, 248 Ga. App. 316, 317-319 (1) (546 SE2d 74) (2001) (evidence insufficient to support aggravated battery conviction where victim sustained minor scratches and bruises and there was no evidence of bleeding wounds or swelling).

6

2. Levin contends that the trial court erred by denying his plea in bar as to the resentencing on the aggravated battery conviction because the resentencing violated his protection against double jeopardy. He argues that because the greater offense (kidnapping with bodily injury) was reversed due to insufficient evidence, double jeopardy bars resentencing on the merged offense of aggravated battery. We disagree.

As Levin correctly points out, "where a defendant is tried and convicted of a crime, and that conviction is reversed due to insufficient evidence, procedural Double Jeopardy bars re-prosecution for that same crime and any lesser included crime." *Prater v. State*, 273 Ga. 477, 481-482 (4) (545 SE2d 864) (2001); but see *Levin*, 295 Ga. at 784-786 (Blackwell, J., concurring) (noting existence of an open question under Georgia law – where a reviewing court determines that the evidence presented at trial has been rendered insufficient only by a post-trial change in the law, do double jeopardy concerns preclude the government from retrying the defendant?). Here, however, Levin was not reprosecuted, but merely resentenced as the Georgia Supreme Court had instructed. The evidence was sufficient to support Levin's conviction for aggravated battery,[3] and the trial court did not err by resentencing him on that count of the indictment. See *Harris v. State*, 286 Ga. 245, 253 (8) (686 SE2d 777) (2009)

---

[3] See Division 1.

7

(where counts of motor vehicle theft and theft by taking were merged and conviction for motor vehicle theft was reversed, on remand, conviction was to be "unmerged" from the reversed count and appellant sentenced on the other count); see also *Donaldson v. State*, 222 Ga. App. 532, 533 (474 SE2d 722) (1996) (where evidence is insufficient to support armed robbery conviction but sufficient to support lesser included offense of attempted robbery, robbery conviction vacated and case remanded to enter sentence and conviction on attempted robbery); *Barnett v. State*, 204 Ga. App. 491, 498 (3) (420 SE2d 43) (1992) (where evidence insufficient to prove that trafficking in cocaine committed in the manner averred in the indictment but sufficient to support conviction for possession of cocaine, case remanded with direction to enter conviction and sentence for that offense).

3. Levin contends that the trial court erred by denying his motion for continuance, which was filed on the same day as the resentencing hearing, to allow him additional time to obtain the trial transcript from his prior counsel. Finding no error, we affirm.

"All applications for continuances are addressed to the sound legal discretion of the court and, if not expressly provided for, shall be granted or refused as the ends of justice may require." OCGA § 17-8-22; *Cunningham v. State*, 244 Ga. App. 231,

232 (1) (535 SE2d 262) (2000). Although Levin states that the transcript was necessary "for an adequate and effective review of the sentencing issues involved," he does not contend or show that he was harmed at the resentencing hearing by not having access to the transcript and there can be no reversible error where no harm is shown. See *Beene v. State*, 202 Ga. App. 857 (1) (415 SE2d 545) (1992); see also *Cunningham*, 244 Ga. App. at 232-233 (1) (where appellant failed to show how transcript would have assisted in his defense, there is no reversible error).

*Judgment affirmed. Ray and McMillian, JJ., concur.*