A92A0232. ALLEN v. THE STATE.
(418 SE2d 125)

JOHNSON, Judge.

Anthony Alonzo Allen (Allen) appeals from his conviction of rape and the denial of his motion for a new trial.

1. Allen's first enumeration of error is that the evidence produced at trial was insufficient to support the guilty verdict. The record on appeal, however, indicates otherwise.

Allen lived in a trailer home next door to the victim. Within minutes of the attack, the victim identified Allen to the police as the attacker. The victim also made an in-court identification of Allen as the perpetrator. A police officer testified that the attacker gained entry to the victim's house through a window and that there were footprints leading from the victim's house to Allen's trailer. There was also medical evidence that someone had recently had sexual intercourse with the victim. Reviewing this evidence, along with the entire record on appeal, in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found Allen guilty of rape beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Allen also contends the trial court erred in denying his motion to suppress evidence of the victim's pre-indictment identification of him at a showup. Allen argues that he was deprived of his right to counsel and due process at the showup. "The right to counsel attaches only at or after formal adversary proceedings which had not commenced when the showup occurred." [Cits.] *McCounly v. State*, 191 Ga. App. 266, 267 (2) (381 SE2d 552) (1989). Thus, there was no violation of Allen's right to counsel.

"Pre-indictment confrontations should be scrutinized to determine if they are unnecessarily suggestive and conducive to irreparable mistaken identification. The totality of the circumstances must be viewed to determine if there is a likelihood of misidentification which offends against due process and the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation." (Citations and punctuation omitted.) *Hood v. State*, 199 Ga. App. 774, 775-776 (406 SE2d 120) (1991). In the instant case, the 72-year-old victim has known Allen, who was 28 years old at the time of the rape, since he was a child. Allen lived next door to the victim and had even been in the victim's house on the day of the attack to help change a light bulb. That same night, the victim stepped out of her lighted bedroom into a lighted hallway where Allen stood facing her. He grabbed her, forced her into the bedroom and turned off the light. During the attack, the victim felt a prominent scar on Allen's neck. Afterwards, she saw him run past her bedroom window toward his trailer. Within minutes after the attack, the victim told police that one of the Allen men living next door raped her. The police first brought Allen's brother to the scene and the victim imme-

diately said he was not the attacker. Several minutes later, Allen was found in his trailer. He was immediately brought to the crime scene where the victim positively and without hesitation identified him as the attacker.

It is clear, under the totality of the circumstances, that the victim's confrontation with Allen immediately after the rape was not unnecessarily suggestive or conducive to mistaken identification. On the contrary, the victim's identification of Allen was certain and reliable. " 'The show-up was an on-the-scene confrontation conducted as soon as possible after the [rape]. It was an immediate product of [that offense] and [Allen's] connection thereto. Practicalities inherent in this type of situation suggest that an immediate on-the-scene confrontation between victims and suspect is essential both to effective law enforcement and to fairness toward innocent suspects.' [Cits.]" *Byrd v. State*, 173 Ga. App. 449, 450 (2) (326 SE2d 813) (1985). Accordingly, the trial court did not err in denying Allen's motion to suppress.

*Judgment affirmed. Carley, P. J. and Pope, J., concur.*

DECIDED APRIL 8, 1992.

*Straughan & Straughan, William T. Straughan*, for appellant.
*James L. Wiggins, District Attorney, H. Frederick Mullis, Jr., Assistant District Attorney*, for appellee.