A93A0261. JACKSON v. THE STATE.
(432 SE2d 649)

SMITH, Judge.

Demond Jackson and a co-indictee were accused of two counts of armed robbery. Jackson was tried separately before a jury and found guilty of robbery and armed robbery. After the grant of an out-of-time appeal, he appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. Jackson filed a pre-trial motion to exclude from evidence testimony identifying him as one of the perpetrators, arguing that pre-indictment lineup procedures were suggestive, tainting the testimony of the three eyewitnesses. The denial of this motion is enumerated as error.

Contrary to appellant's assertions, there is no right to counsel at a pre-indictment photographic lineup. *Dodd v. State*, 236 Ga. 572, 574 (224 SE2d 408) (1976); *Allen v. State*, 203 Ga. App. 851, 852 (2) (418 SE2d 125) (1992). "The test of a photographic array is whether the 'procedure was so impermissibly suggestive as to give rise to a

very substantial likelihood of irreparable misidentification. [Cit.]" *Thornton v. State*, 238 Ga. 160, 161 (1) (231 SE2d 729) (1977). See also *Clark v. State*, 149 Ga. App. 641, 643 (1) (255 SE2d 110) (1979). "Thus, there is a 'two-step inquiry': (1) whether there was an impermissibly suggestive photographic identification procedure, and (2) if so, whether [under the totality of the circumstances] this resulted in a substantial likelihood of irreparable misidentification. [Cit.]" *Sparks v. State*, 185 Ga. App. 225, 226 (2) (363 SE2d 631) (1987). Accord *Gravitt v. State*, 239 Ga. 709, 711 (4) (239 SE2d 149) (1977).

An officer trained at the FBI academy prepared the photographic lineup showing head-and-shoulder pictures of six black males. The array is included in the record, and we find the persons there depicted to be of roughly similar age and appearance. Each witness was shown the photographs apart from the other witnesses, and each denied they had been coached in any manner. Merely because Jackson's co-indictee was one of the six did not make the lineup impermissibly suggestive. See *Mitchell v. State*, 236 Ga. 251, 254 (2) (223 SE2d 650) (1976). See also *Tankersley v. State*, 155 Ga. App. 917, 921 (8) (273 SE2d 862) (1980). Compare *Baier v. State*, 124 Ga. App. 334, 337 (1) (183 SE2d 622) (1971) (where only three pictures were used, two of which depicted the suspect, and the other of which had been altered in a manner to suggest that it depicted the suspect). Nor does the circumstance that some persons, other than appellant, were depicted in mug shots with height markings render the procedure suggestive. *Eiland v. State*, 246 Ga. 112, 113 (1) (268 SE2d 922) (1980). Compare *Payne v. State*, 233 Ga. 294, 297 (II) (210 SE2d 775) (1974). Although the perpetrator was supposed to have worn a red-and-white striped shirt on the day of the robbery, the fact that only the photograph from which appellant was identified also depicted someone in a red-and-white striped shirt does not render the pre-indictment photographic array suggestive where, as here, the victim testified that it was not the same pattern of stripes. See *Denegal v. State*, 193 Ga. App. 238 (1) (387 SE2d 434) (1989).

Since the pre-indictment lineup procedures were *not* impermissibly suggestive, so as to lead the witnesses to an "all but inevitable" identification of appellant, he has failed to establish even the first prong of the relevant inquiry. *Sparks v. State*, supra. The trial court did not err in denying the motion to exclude from evidence the eyewitness identification testimony. *Newkirk v. State*, 155 Ga. App. 470, 472 (2) (270 SE2d 917) (1980).

2. The general grounds are enumerated.

Jackson was identified as the man who robbed a pawn shop proprietor of cash and inventory at gunpoint while his companion took valuables from the person of the proprietor's wife. Construed to uphold the verdict, this evidence was sufficient to authorize a rational

trier of fact to find proof beyond a reasonable doubt of appellant's guilt of armed robbery and of being a party to the crime of robbery. OCGA § 16-8-41 (a); *Heard v. State*, 204 Ga. App. 757, 758 (1) (420 SE2d 639) (1992) (armed robbery); OCGA §§ 16-8-40 (a) (1) and 16-2-20 (b) (3); *Wilson v. State*, 153 Ga. App. 182 (264 SE2d 712) (1980) (party to the crime of robbery).

3. The trial court did not err in refusing to merge the conviction for the robbery of Shelby Barton with the armed robbery of Oscar Barton. These were two separate crimes committed against two separate victims. The armed robbery was completed as soon as any pawn shop property had been taken from the presence of Oscar Barton. See *Miller v. State*, 174 Ga. App. 42, 44-45 (5) (329 SE2d 252) (1985). The robbery of Mrs. Barton "is clearly supported by its own set of facts." *Millines v. State*, 188 Ga. App. 655, 656 (1) (373 SE2d 838) (1988).

4. Contrary to appellant's assertions, the testimony of the investigating officer on direct examination that the "[co-indictee's] name is Lawrence" is not hearsay, but is a statement of undisputed fact, identifying for the jury that person to whom the officer was then talking. See OCGA § 24-3-1 (a). Since the officer admitted on the stand that he did not see and could not identify Jackson, there was no impermissible bolstering of the three eyewitnesses who did identify him at trial. The admission into evidence of this statement does not warrant a new trial.

5. Appellant's tardy objection to alleged character evidence, raised for the first time in the motion for new trial, will not be addressed. Where an objection to evidence " 'is raised [for the first time] in a motion for new trial or before this court, nothing is presented for review. . . . (Cits.)' [Cit.]" *Fitzgerald v. State*, 193 Ga. App. 76, 77 (5) (386 SE2d 914) (1989).

6. Although not alleged in the indictment, the trial court instructed the jury on conspiracy as a separate offense. This jury instruction is enumerated as error.

Jackson was not convicted of conspiracy. Compare *Rowe v. State*, 166 Ga. App. 836, 838 (1) (305 SE2d 624) (1983). Indeed, the verdict form contains no place for a conspiracy conviction and no instruction was given as to any possible form for a verdict for conspiracy. "The inclusion of the substance of OCGA § 16-2-20 in the court's charge to the jury created no denial of [appellant's] due process rights under either State or federal constitutions. The evidence authorized a charge on conspiracy [*in conjunction with the court's charge on parties to a crime*], even though [conspiracy was] not alleged in the indictment. [Cits.]" (Emphasis supplied.) *Cordova v. State*, 191 Ga. App. 297, 298 (1) (381 SE2d 436) (1989). " 'When the evidence tends to show a conspiracy, a charge upon the subject is not error even if not alleged in the indictment.' [Cits.]" *Jones v. State*, 243 Ga. 820,

830 (11) (256 SE2d 907) (1979).

7. Jackson enumerates as error denial of his motion for new trial predicated upon the alleged ineffective assistance of trial counsel.

" 'When inadequate representation is alleged, the critical factual inquiry ordinarily relates to . . . whether the defendant had a defense which was not presented; whether trial counsel consulted sufficiently with the accused, and adequately investigated the facts and the law; [and] whether the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy.' [Cit.]" *Hawes v. State*, 240 Ga. 327, 329-330 (1) (240 SE2d 833) (1977). Generally, "the burden is on the defendant claiming ineffectiveness of counsel to establish (1) his attorney's representation in specified instances fell below 'an objective standard of reasonableness' *and* (2) there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. [Cit.]" (Emphasis in original.) *Williams v. State*, 258 Ga. 281, 286 (7) (368 SE2d 742) (1988). The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous. *Smith v. State*, 256 Ga. 483 (351 SE2d 641) (1986).

One of the specific instances of alleged professionally unreasonable behavior is the failure to interview witnesses for the State. However, Jackson's trial counsel was given complete access to the State's file and had the benefit of the transcript from the trial of an accomplice. An alibi defense was presented, with Jackson testifying on his own behalf. " 'A reasonably competent attorney often *must* rely on his own experience and judgment, without the benefit of a substantial investigation, when deciding whether or not to for[e]go a *particular* line of defense. Consequently, counsel has rendered effective assistance even though he decided not to pursue a particular line of defense without substantial investigation so long as the decision was reasonable under the circumstances.' " (Emphasis supplied in part.) *Baines v. State*, 201 Ga. App. 354, 356-357 (1c) (411 SE2d 95) (1991). Contrary to appellant's assertions, there was no unprofessional failure to investigate the State's case. Compare *Jowers v. State*, 260 Ga. 459, 462 (2) (396 SE2d 891) (1990). "Moreover, appellant's 'counsel on appeal has failed to suggest what additional facts might have been revealed by further investigation or what additional defenses might have become apparent as the result of further research and preparation.' [Cit.]" *Southerton v. State*, 205 Ga. App. 366 (422 SE2d 251) (1992).

The remainder of appellant's specific instances of alleged ineffective assistance have to do with the conduct of the trial. The record shows that, after his appointment, trial counsel filed an omnibus motion for discovery, including *Brady (v. Maryland*, 373 U. S. 83, 10

LE2d 215, 83 SC 1194) (1963)) material; reviewed the State's file; successfully moved for a continuance in order to study the transcript of the trial of the alleged accomplice; and conducted a lengthy hearing on a defense motion in limine. At trial, cross-examination was conducted and pertinent objections were interposed. Jackson testified on his own behalf, forming the basis for the defense of alibi. Counsel filed requests to charge, stated his immediate exceptions to the trial court's charge as given, and reserved the right to except further after reviewing the transcript.

The failure of trial counsel to interpose a hearsay objection to the officer's testimony "his name is Lawrence" was not ineffective assistance. See Division 4, supra. Although Jackson's mother had been issued a subpoena for the trial as originally scheduled, she was not present at the trial as scheduled after the continuance. However, since it is conceded that she would have been unable to corroborate appellant's alibi defense, the failure to have her appear is not ineffective assistance. The decision not to impeach one of the victims with that witness' previous estimate of appellant's age was a matter of trial strategy. "Such [alleged professional failures] were [merely] tactical decisions which ' "might be considered sound trial strategy[,]" ' [and provide no basis for concluding that appellant was denied effective assistance of counsel]. [Cit.]" *Williams v. State*, 207 Ga. App. 418, 420 (427 SE2d 787) (1993).

The fact that Jackson and his present counsel now claim that they would have conducted the trial differently does not establish the ineffectiveness of trial counsel. *Nolan v. State*, 204 Ga. App. 170, 172 (3) (419 SE2d 72) (1992). The trial court's finding that Jackson had been afforded effective assistance of counsel is not clearly erroneous, and the denial of his motion for new trial on this ground is affirmed. *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990).

*Judgments affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 15, 1993.

*Amy A. Petulla*, for appellant.
*Ralph L. Van Pelt, Jr., District Attorney*, for appellee.