A02A0499. BOGAN v. THE STATE.
(565 SE2d 588)

MILLER, Judge.

William Thomas Bogan appeals from his conviction on two counts of aggravated stalking. On appeal he contends that (1) the evidence was insufficient to sustain the convictions, (2) the trial court erred by admitting evidence of a similar transaction, and (3) his trial counsel was ineffective. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that Bogan was arrested for family violence and battery following a domestic dispute with his girlfriend. As a condition of his bond, Bogan was instructed to have no further contact with the victim. A subsequent bond was issued on February 20, 1998, in connection with a stalking charge, again with the condition that Bogan not have contact with the victim.

In violation of this condition, on February 22 Bogan waited for the victim at her home, and when she arrived, he yelled at her and then hit her. He also pulled the victim's hair. Bogan then fled once the victim's daughter called the police. However, Bogan returned later that same evening and tried to climb into the victim's house through the living room window. Bogan fled once again when the victim screamed and said that she was calling 911.

Five days later, Bogan was arrested for stalking the victim at her job. He was later charged with two counts of aggravated stalking arising out of the February 22 incidents. The State gave notice it would introduce the job stalking incident as a similar transaction in the stalking trial here involving the February 22 incidents, and this evidence was admitted over defense counsel's argument at trial that the incident was not sufficiently similar. Defense counsel did not request at trial that the court tell the jury, at the time that the similar transaction was introduced, the purpose for which it was being admitted.

The jury found Bogan guilty of two counts of aggravated stalking. Following the denial of Bogan's motion for new trial, in which he argued that his trial counsel was ineffective, Bogan appeals.

1. Bogan argues that the evidence was insufficient to sustain his convictions for aggravated stalking. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. Id.; see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

A person commits the offense of aggravated stalking when such person, in violation of a bond to keep the peace posted pursuant to Code Section 17-6-110, temporary restraining order, temporary protective order, permanent restraining order, permanent protective order, preliminary injunction, or permanent injunction or condition of pretrial release, condition of probation, or condition of parole in effect prohibiting the behavior described in this subsection, follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person.

OCGA § 16-5-91 (a). "[T]he term 'harassing and intimidating' means a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear for such person's safety . . . and which serves no legitimate purpose." OCGA § 16-5-90 (a) (1).

Here, Bogan violated a condition of his bond by contacting his former girlfriend on two occasions on the same day. On the first occasion, he verbally and physically abused the victim, and on the second, he tried to climb through a window of the victim's home, causing her to scream and threaten to call 911. This evidence of Bogan contacting the victim in violation of his bond conditions and of his harassing and intimidating her sufficed to sustain the convictions. OCGA § 16-5-91 (a); see *Hooper v. State*, 223 Ga. App. 515, 517 (2) (478 SE2d 606) (1996).

2. Bogan further contends that the trial court erred by admitting evidence of the February 27, 1998 stalking incident at the victim's job as a similar transaction. We disagree.

Absent an abuse of discretion, after the court conducts a similar transaction hearing that complies with *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991), the trial court's decision to admit similar transaction evidence will not be disturbed. *Brooks v. State*, 230 Ga. App. 846 (1) (498 SE2d 139) (1998). Similar transac-

tions need not be identical to the offense being tried but must show sufficient similarity or connection between the independent incidents and the offense at issue. Id. at 847 (1).

On February 27, Bogan, once again in violation of his bond conditions, contacted the victim. He called her three times at her office, and each time she refused to meet him. He then went to her office and waited for her in the parking lot, just as he had waited for her at her home five days earlier. The victim, who saw Bogan in the parking lot outside of her office, was afraid and intimidated by his phone calls and uninvited appearance. The February 27 incident could indicate Bogan's course of conduct in stalking the victim, and we hold that the trial court did not abuse its discretion in admitting this similar transaction. See *Jones v. State*, 239 Ga. App. 733, 734 (1) (521 SE2d 883) (1999).

To the extent that Bogan argues in his brief that the trial court erred by failing to instruct the jury, at the time that this evidence was introduced, as to the purpose for which the transaction was admitted, his failure to request this instruction at trial waives the issue here. See *State v. Belt*, 269 Ga. 763, 764 (505 SE2d 1) (1998).

3. Bogan also urges that his trial counsel was ineffective because (a) he failed to object to the introduction of the similar transaction evidence, (b) he failed to object to the introduction of alleged character evidence, and (c) he failed to call a witness to counter the State's similar transaction evidence. We find no merit to these contentions.

To prove ineffective assistance, Bogan was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993). Evidence supported the trial court's finding that Bogan did not meet his burden of showing deficient performance or prejudice based on his counsel's actions.

(a) The record belies Bogan's assertion that his trial counsel did not object to the introduction of the similar transaction evidence. At trial, counsel did oppose the introduction of this evidence. Further, as we held in Division 2, the admission of this similar transaction evidence was proper. "Trial counsel's failure to pursue a futile objection does not constitute ineffective assistance." *Massingill v. State*, 240 Ga. App. 690, 691 (2) (b) (524 SE2d 746) (1999).

(b) Trial counsel testified that he made a tactical decision not to object or ask for a curative instruction regarding evidence of Bogan's cocaine use because he did not want to draw unnecessary attention to the issue. Tactical decisions regarding what objections to make do not

amount to ineffective assistance. See *Cunningham v. State*, 244 Ga. App. 231, 234 (3) (535 SE2d 262) (2000). We hold that evidence supports a finding that Bogan has failed to show ineffective assistance here.

(c) Trial counsel testified that Bogan never asked him to call any alleged witness to counter the similar transaction evidence. Nor did this alleged witness appear at the motion for new trial hearing to indicate how his testimony would have been useful. See *Turner v. State*, 253 Ga. App. 760, 763-764 (6) (560 SE2d 539) (2002). Moreover, Bogan himself testified that any alleged witness who was not called would not have testified regarding the similar transaction. Evidence supports the conclusion that Bogan has failed to show deficient performance or harm from counsel's actions. See *Webb v. State*, 249 Ga. App. 214, 217 (2) (547 SE2d 767) (2001).

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED MAY 16, 2002.

*Sullivan & Sturdivant, Harold A. Sturdivant, Michele W. Ogletree*, for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.