## A03A0262. BROWNE v. THE STATE.
### (583 SE2d 496)

MILLER, Judge.

Sean Leroy Browne appeals from his convictions on two counts of robbery. On appeal he contends (1) the trial court erred in admitting alleged character evidence and (2) his trial counsel was ineffective. We discern no error and affirm.

The record reveals that Browne was tried for three purse snatchings that took place in Gwinnett County. An investigating officer testified that during his Gwinnett County investigation, he was unable to identify a suspect based on the descriptions given by the victims, so he made inquiries to DeKalb County police regarding purse snatchings in DeKalb. The officer received two photographic lineups from DeKalb police, and when asked why he prepared a lineup of his own involving Browne, the officer responded: "The lineup that I obtained from DeKalb County was an older picture. I believe it was from '98. Mr. Browne had been picked up — basically, the picture was a better quality picture. I obtained a better picture of Mr. Browne and placed him in the lineup —." The court allowed this testimony over objection from defense counsel that the officer's statements constituted improper character evidence.

Browne presented an alibi defense at trial. In addition to Browne's own testimony, Browne presented evidence from four alibi witnesses who testified as to Browne's whereabouts at the times of the purse snatchings. Browne's attorney interviewed all of these alibi witnesses prior to trial, and at that time all of their stories were con-

sistent with Browne's. When the witnesses actually took the stand and were subjected to cross-examination, however, their stories became inconsistent and were often conflicting. The jury found Browne guilty on two counts of robbery, and following the denial of his motion for new trial, Browne appeals.

1. Browne contends that the statement made by the investigating officer amounted to improper character evidence. We disagree and hold that the statement in question did not place Browne's character in issue, as the statement without more did not indicate that Browne was guilty of any prior crimes. See *Hines v. State*, 246 Ga. App. 835, 836 (1) (541 SE2d 410) (2000). This enumeration is therefore without merit.

2. Browne argues that his trial counsel was ineffective for calling alibi witnesses who ultimately gave conflicting stories that harmed his case. We disagree.

To prove ineffective assistance, Browne was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993). Evidence supported the trial court's finding that Browne did not meet his burden of showing deficient performance or prejudice based on his counsel's actions.

Strategic decisions regarding what witnesses to call after consultation with the client are virtually unchallengeable and do not amount to ineffective assistance. *Mack v. State*, 242 Ga. App. 256, 258 (2) (c) (529 SE2d 393) (2000). Here Browne's trial counsel testified at the motion for new trial hearing that he consulted with Browne and interviewed all of the alibi witnesses before deciding to call the alibi witnesses, and that at the time that he interviewed the witnesses, their stories were consistent with Browne's alibi statements. Counsel further testified that the problems with the alibi witnesses' testimony did not arise until the witnesses were already on the stand and that he would not have called the witnesses had he known that their stories would conflict with Browne's. A trial counsel who interviews witnesses and receives no indication that the witnesses' testimony will change prior to trial and who is surprised by the witnesses changing their testimony at trial is not guilty of ineffective assistance. See *Williams v. State*, 255 Ga. App. 109, 113 (2) (564 SE2d 518) (2002) (where trial counsel has no indication that past testimony of critical witness will change at trial, the fact that the witness "changed his testimony cannot be laid at counsel's feet as an indication of ineffectiveness") (punctuation omitted). The trial

court did not clearly err in concluding that Browne did not carry his burden of showing ineffectiveness of his trial counsel.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED JUNE 13, 2003.

*Michael M. Sheffield,* for appellant.
*Daniel J. Porter, District Attorney, Jennifer Kolman, Assistant District Attorney,* for appellee.