## A03A1177. CAMPOS v. THE STATE.
### (587 SE2d 264)

MILLER, Judge.

Renee Campos appeals from his conviction on one count of child molestation and one count of aggravated child molestation. On appeal he contends that his trial counsel rendered ineffective assistance by failing to (i) object to the admission of the victim's video-taped statement to police and (ii) call the victim as a witness for purposes of cross-examination when the court made the child available for such examination. Since the objection to the introduction of the videotape would have been futile, and the decision not to cross-examine the victim was strategic, we affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that ten-year-old L. R. informed her mother that Campos came to their home one day while L. R. was alone and attempted to kick in a door to get to her. The mother told L. R. to tell her aunt if Campos tried anything like that again. Campos returned two days later and entered the home while L. R. was alone, and this time he threw L. R. to the ground, placed his finger into her vagina, kissed her, prevented her from using the phone to call for help, hit her, and told her that he would kill her if she told anyone about what had happened.

L. R. did not immediately report the incident to her parents, but her parents became concerned that something had happened when they discovered a disturbing audiotape that was meant for L. R. with Campos's voice on it. The parents recognized Campos's voice on the audiotape, and the tape contained Campos talking about his sexual

attraction for L. R., the incident when he kissed her while they were alone, and the fact that he did not care that she was underage. L. R. told her parents about the sexual incident with Campos after they heard the audiotape, and upon noticing vaginal bleeding, the parents took L. R. to a doctor, where it was confirmed that her vagina had been penetrated by an object such as a finger.

A police investigator interviewed L. R. about the incidents with Campos within a few days after the incidents had occurred, and this interview was videotaped. The officer made sure to stress to L. R. the importance of telling the truth and answering questions based only on what she knew instead of making things up. The interview took place at a child advocacy house as opposed to the police department (which could have been more intimidating to the child), and without L. R.'s parents being present. The transcript of the interview revealed that the questions asked of L. R. were open-ended and were not designed to lead to specific answers; the interviewing officer used age-appropriate language in the interview; and L. R. was not instructed or coached on what to say during the interview.

The videotaped interview of L. R. was admitted at trial through the testimony of the interviewing officer with no objection from Campos's counsel. The State did not call the victim as a witness at trial, and when the court offered to make the victim available as the court's witness so that she could be cross-examined, Campos's counsel declined. Campos was found guilty of child molestation and aggravated child molestation.

At the motion for new trial hearing, Campos's counsel testified that he did not object to the introduction of the videotaped interview because he did not feel that it was inadmissible and because he was more concerned about objecting to the incriminating audiotape of Campos describing his sexual attraction to L. R. As for his decision not to cross-examine the victim after the trial court's offer to make her available, Campos's counsel testified that, after consulting with Campos, he felt that cross-examining the witness would hurt Campos's case more than it would help it. Specifically, cross-examining the ten-year-old victim could have garnered more sympathy for the victim or removed any possible doubt from the jurors' minds about what may or may not have happened between Campos and the victim.

Following the denial of his motion for new trial, Campos appeals, alleging ineffective assistance of counsel.

To prove ineffective assistance, Campos was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's deter-

mination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993). Here, evidence supported the trial court's finding that Campos did not meet his burden of showing deficient performance or prejudice based on his counsel's actions.

Campos's first complaint is that his trial counsel did not object to the admission of the videotaped interview with the child. "Trial counsel's failure to pursue a futile objection[, however,] does not constitute ineffective assistance." (Citation and punctuation omitted.) *Bogan v. State*, 255 Ga. App. 413, 415 (3) (a) (565 SE2d 588) (2002).

Under OCGA § 24-3-16,

> [a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

The trial court need not make an express finding that the circumstances of the statement at issue provide sufficient indicia of reliability before admitting the statement, as "this statutory requirement is met if after both parties have rested, the record contains evidence which would support such a finding." (Punctuation omitted.) *Gregg v. State*, 201 Ga. App. 238, 239 (3) (a) (411 SE2d 65) (1991). The factors that can be considered to show sufficient indicia of reliability include, but are not limited to, (1) the atmosphere and circumstances under which the statement was made; (2) the spontaneity of the child's statement to those present; (3) the child's age; (4) the child's demeanor; (5) the child's physical or emotional condition; (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's credibility; (9) the presence or absence of any coaching by parents or other persons before or at the time of the child's statement (and the type of coaching and circumstances surrounding same); and, the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements by the child. Id. at 240 (3) (b).

The record here reveals that the child was available to testify at trial, and that the child's statement was made under circumstances that provided sufficient indicia of reliability. See *Gregg*, supra, 201 Ga. App. at 241 (3) (b). Since the statement was admissible, an objection asserting that the statement was inadmissible would have been

futile. Thus, the trial court did not err in concluding that Campos failed to carry his burden of proving ineffective assistance.

As for Campos's argument that his counsel rendered ineffective assistance by declining to call the victim as a witness for purposes of cross-examination, strategic decisions regarding what witnesses to call, whether and how to conduct cross-examination, and all other tactical decisions are the exclusive province of the lawyer after consultation with his client. *Esquivel v. State*, 236 Ga. App. 325, 326 (512 SE2d 61) (1999). Counsel testified at the motion for new trial hearing that he made a strategic decision not to cross-examine the victim after discussing this option with Campos. Evidence supported the trial court's conclusion that Campos failed to show his trial counsel's ineffectiveness.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED SEPTEMBER 10, 2003.

*Barry V. Smith*, for appellant.

*Leigh E. Patterson, District Attorney, Martha P. Jacobs, Assistant District Attorney*, for appellee.

