## A04A0245. SNEED v. THE STATE.
(600 SE2d 720)

MILLER, Judge.

Following a jury trial, Calvin Lamar Sneed was convicted of theft by shoplifting for stealing DVDs from a Blockbuster Video store. On appeal he contends that (1) the evidence presented at trial was insufficient to sustain his conviction and (2) his trial counsel was ineffective. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that Sneed entered the Blockbuster with a female companion and placed ten DVDs into his jacket pockets. The female companion exited the store and opened the front entrance door so that Sneed could exit through that door without passing any of the Blockbuster security sensors.

An assistant manager who witnessed the incident called for more senior management personnel to come downstairs and chased Sneed and his companion outside. The assistant manager asked Sneed and his companion to come back inside the store, but they refused. The assistant manager wrote down the tag number and a description of the suspects' car before they were able to drive away. Police found Sneed and his companion based on the tag number and vehicle description.

A jury found Sneed guilty of theft by shoplifting, and, following the denial of his motion for new trial, Sneed appeals.

1. Sneed argues that the evidence presented at trial was insufficient to sustain his conviction for theft by shoplifting. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Here, eyewitness testimony revealed that Sneed stole ten DVDs from a Blockbuster Video store by attempting to conceal the DVDs under his jacket and leaving the store without paying for them. Sneed was identified as the perpetrator by two eyewitnesses both before trial (in a photo lineup) and at trial. The evidence sufficed to sustain the conviction. OCGA § 16-8-14 (a) (1).

2. Sneed contends that his trial counsel rendered ineffective assistance by failing to (a) move for a directed verdict at the close of the State's case, (b) properly cross-examine a key State's witness, and

(c) object and insist on a curative instruction to keep evidence of Sneed's prior acts and criminal history from the purview of the jury. We disagree.

To prove ineffective assistance, Sneed was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993). Evidence supported the trial court's finding that Sneed did not meet his burden of showing deficient performance or prejudice based on his counsel's actions.

(a) As we held in Division 1, the evidence here sufficed to sustain the conviction. Thus, as a matter of law, counsel's failure to move for a directed verdict does not constitute ineffective assistance. *Wright v. State*, 211 Ga. App. 474, 478 (5) (440 SE2d 27) (1993).

(b) Sneed urges that his trial counsel was ineffective for failing to cross-examine one of the eyewitnesses to the crime regarding certain inconsistencies between the witness's testimony and his statement to the police. However, "strategic decisions regarding what witnesses to call, whether and how to conduct cross-examination, and all other tactical decisions are the exclusive province of the lawyer after consultation with his client." (Citation omitted.) *Campos v. State*, 263 Ga. App. 119, 122 (587 SE2d 264) (2003). Trial counsel testified at the motion for new trial hearing that he met with Sneed on several occasions and discussed every stage of the case with him. He further testified that he made a strategic decision not to attempt to impeach the eyewitness with the inconsistent statement, because the witness was "molding his testimony to try to convict Mr. Sneed." In this regard, bringing up the prior statement would have (1) forced counsel to ask questions to which he did not know the answers and (2) given the witness the opportunity to answer in ways that would have done more harm than good to his client. Evidence supported the trial court's conclusion that Sneed failed to show his trial counsel's ineffectiveness. Cf. id. at 122.

(c) Sneed argues that his trial counsel rendered ineffective assistance for failing to object to various statements that Sneed alleges placed his character in issue. Specifically, he contends that his trial counsel should have objected to (i) the investigating officer's statements that he "ran [a check on] Mr. Sneed" in order to obtain a lineup photo and that he had conducted investigations at other Blockbusters in an attempt to find out more about the suspect, and (ii) statements from the Blockbuster managers in which they referred to

having had trouble with Sneed in the past and that Sneed had been banned from the store. Sneed's contentions are without merit.

The statements by the investigating officer did not place Sneed's character in issue. See *Savage v. State*, 264 Ga. App. 709-710 (1) (592 SE2d 188) (2003) (police officer's mere reference to the fact that defendant's photograph was already in police records did not place defendant's character in issue); see also *Browne v. State*, 261 Ga. App. 648-649 (1) (583 SE2d 496) (2003). The other statements consisted of mere passing references that did not definitively indicate that Sneed had any prior criminal history. See, e.g., *Gordian v. State*, 261 Ga. App. 75, 77 (2) (581 SE2d 616) (2003). Even if the remaining statements were admitted in error, in light of their inconsequential nature and the overwhelming evidence of Sneed's guilt, the admission of the statements would be harmless. See, e.g., *Kitchens v. State*, 235 Ga. App. 349, 352-353 (1) (509 SE2d 391) (1998). We hold that evidence supported the trial court's conclusion that Sneed failed to show prejudice from his trial counsel's failure to object to the statements in question.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 2, 2004.

*Bernadette C. Crucilla*, for appellant.
*Howard Z. Simms, District Attorney, Myra H. Kline, Assistant District Attorney*, for appellee.