A06A0025, A06A0544. JOHNSON v. THE STATE (two cases).

(630 SE2d 778)

Andrews, Presiding Judge.

A jury convicted two brothers, Tracy and Alexander Johnson, of armed robbery, aggravated assault and other charges in connection with a carjacking. On appeal, Tracy argues that the evidence was insufficient, that the trial court erred in the course of sentencing, and that he received ineffective assistance of trial counsel. Alexander argues only that his counsel was ineffective. We affirm the convictions, but vacate Tracy's sentence and remand his case for resentencing on the ground that the trial court erred when it failed to merge his conspiracy conviction into his armed robbery conviction.

Viewed in the light most favorable to the jury's verdict, the record shows that as the victim entered a convenience store, he noticed a group of young men outside. As the victim left the store after making a purchase, Alexander approached and asked the victim a number of times if he could buy him and his friends a cigar. The victim refused and got into his car. Alexander then approached the car and motioned to the victim that he should lower his window. When the victim did so, Alexander pulled out a silver handgun, pointed it at the victim, and said, "You know what this is[.] Give it up." Alexander then specifically demanded the victim's cell phone and wallet, and also told him to "give up the car." When the victim got out of the car and gave Alexander his cell phone, Alexander got in and began to pull away slowly. Alexander's brother Tracy then approached the victim and began punching him in the face. At that moment, a third man from the group, Lawrence Franklin, alerted the others that a sheriff was in the vicinity. Alexander jumped out of the car, and the three ran up a hill and into some woods.

The next day, the victim picked Tracy out of a photo lineup. Tracy was arrested the next day from a house in which the victim's cell phone was also found. Tracy told police that the group had planned to rob someone at the convenience store and that he had hit the victim. Soon after Alexander and his mother appeared at the police station, Alexander admitted that he had participated in the formulation of the plan and had pointed a gun at the victim.

A jury found Tracy guilty of conspiracy to commit armed robbery, attempted armed robbery, armed robbery, and two counts of aggravated assault as well as hijacking a motor vehicle, obstruction, and theft by receiving. Alexander was convicted of the same conspiracy, attempted armed robbery, armed robbery, hijacking, and obstruction charges, but was convicted of only one count of aggravated assault. The trial court merged the conspiracy and attempt counts into each other and the armed robbery and hijacking counts into each other. Alexander was sentenced to seventeen years and Tracy eleven years

to serve, with each brother also receiving ten years probation. Their motions for new trial were denied. On appeal in Case No. A06A0544, Tracy argues that the trial court erred in the course of sentencing him, that the evidence was insufficient as to his conviction for aggravated assault, and that his trial counsel was ineffective. On appeal in Case No. A06A0025, Alexander argues only that his trial counsel was ineffective.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

### Case No. A06A0544

1. Tracy first argues that the evidence was insufficient to support his conviction for aggravated assault for punching the victim. Here, however, the record showed that Tracy hit the victim as Alexander was waiting for his brother in the hijacked car. The evidence sufficed to sustain the conviction. See OCGA §§ 16-5-21 (a) (1) (aggravated assault is assault with intent "to murder, to rape, or to rob"); 16-2-20 (b) (3) (one who "[i]ntentionally aids or abets in the commission of the crime" may be convicted of that crime); see *Parkman v. State*, 241 Ga. App. 756, 757-758 (3) (526 SE2d 640) (1999) (defendant who punched victim in the course of the same attack during which co-defendant pulled gun is guilty of both aggravated assault and armed robbery).

2. Tracy next argues that the trial court erred (a) when it sentenced him on the conspiracy count, and (b) when it failed to merge both of the aggravated assault convictions into the armed robbery conviction. We note at the outset that we are obliged to consider the second of these arguments even though Tracy failed to assert it in his motion for new trial. See *Curtis v. State*, 275 Ga. 576, 577-578 (1) (571 SE2d 376) (2002).

(a) In Georgia, a defendant cannot be convicted of both conspiracy to commit a crime and the completed crime itself. See *Ray v. State*, 165 Ga. App. 89, 93 (3) (299 SE2d 584) (1983); *Crosby v. State*, 232 Ga. 599, 602 (3) (207 SE2d 515) (1974); compare *Pinkerton v. United States*, 328 U. S. 640, 643-644 (66 SC 1180, 90 LE 1489) (1946) (allowing conviction on conspiracy charge as separate offense). Here, the trial court merged the conviction for attempted armed robbery not into the armed robbery charge, but into the conspiracy to commit armed robbery charge, leaving the latter as the surviving count for

sentencing purposes. Since it was erroneous to leave the conspiracy count intact in light of the conviction for armed robbery itself, we remand with direction that the trial court merge the conspiracy count into the armed robbery conviction for sentencing purposes. See *Ray*, supra, 165 Ga. App. at 93 (3) (remanding for resentencing when trial court failed to merge conviction for conspiracy to commit theft into conviction for theft).

(b) Although the offenses of aggravated assault and armed robbery do not merge as a matter of law, *Reeves v. State*, 233 Ga. App. 802, 805 (2) (505 SE2d 540) (1998), they may merge as a matter of fact. "For example, if one crime is complete before the other takes place, the two crimes do not merge. However, if the same facts are used to prove the different offenses, the different crimes merge." Id.

In light of Alexander's demand for the victim's property, and as we have held in Division 1, Tracy's punches amounted to an assault with attempt to rob, justifying one of his convictions for aggravated assault. At the moment he and his brother formulated the plan to rob someone at the convenience store, Tracy also became an accomplice in both Alexander's aggravated assault (pointing the gun at the victim) and the armed robbery that occurred immediately afterward, when Alexander demanded the victim's property. Since these three crimes were proven by three different sets of facts, there was no error in failing to merge Tracy's aggravated assault convictions into his armed robbery conviction. See *Blocker v. State*, 265 Ga. App. 846, 848 (2) (595 SE2d 654) (2004) (refusing to merge aggravated assault and armed robbery charges when defendant first pointed a gun at victim and then demanded victim's cell phone); compare *Curtis*, supra, 275 Ga. at 578-579 (2) (where there is "no evidence that [the defendant] made any other use of the gun other than to take control of the car," mere "brandishing" of gun in course of armed robbery results in merger of aggravated assault conviction into armed robbery conviction).

3. Tracy also argues that he received ineffective assistance of counsel in four ways: (a) when counsel elicited improper hearsay testimony from a State's witness; (b) when they failed to object to improper character evidence; (c) when they failed to object to references to a co-defendant's guilty plea; and (d) when they failed to consult with him adequately concerning jury selection. We disagree.

"To prove an ineffective assistance of counsel claim, [a] defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency." *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "[A] strong presumption exists that trial counsel performed within the wide range of reasonable professional assistance. [A] trial

court's determination that [a defendant] was afforded effective assistance of counsel will not be reversed on appeal unless it was clearly erroneous." (Citations omitted.) *Turner v. State*, 245 Ga. App. 294, 295 (4) (536 SE2d 814) (2000).

(a), (b) At trial, the victim testified that he had picked Tracy's photograph out of a lineup. On cross-examination, a police officer testified that he had placed Tracy's photograph in the lineup on the basis of information from another officer, who herself testified that she had "picked up the street name of TJ" in connection with another shooting. At the hearing on Tracy's motion for new trial, counsel testified that he did not object to this testimony because his strategy was to "minimize by not mentioning or bringing to the jury's attention something such as that."

It is clear, then, that Tracy's trial counsel made strategic decisions (a) to cross-examine the police officer on the subject of the lineup after the fact that the victim had identified Tracy had already come out, and (b) not to object to testimony concerning that identification so as not to draw attention to this same subject. There was no deficient performance here. See *Sneed v. State*, 267 Ga. App. 640, 641-642 (2) (b), (c) (600 SE2d 720) (2004) (affirming trial court's finding that presumably strategic decisions concerning cross-examination and objection did not amount to ineffective assistance).

(c) Tracy next asserts that his trial counsel was ineffective when he failed to object to testimony concerning the guilty plea of Lawrence Franklin arising from the same incident as well as a reference to that plea by the prosecution in the course of closing argument. Again, we disagree.

"It is true that evidence of a co-defendant's guilty plea is not admissible into evidence, since it has no probative value as to the guilt of the defendant himself." *Zachery v. State*, 276 Ga. App. 688, 689-690 (1) (624 SE2d 265) (2005); OCGA § 24-3-52 (confession of co-defendant made "after the enterprise is ended shall be admissible only against himself"). However, trial counsel testified at the hearing on the motion for new trial that an objection to either the testimony or the reference in closing argument would have led the jurors to "think more about what has transpired during the objection." Again, we refuse to second-guess this strategic choice. See *Bogan v. State*, 255 Ga. App. 413, 415 (3) (b) (565 SE2d 588) (2002); *Cunningham v. State*, 244 Ga. App. 231, 234 (3) (535 SE2d 262) (2000). We also find no substantial probability that an objection and curative instruction concerning Franklin's guilty plea would have produced a different result here, where Tracy confessed in writing that he had participated in the planning as well as the execution of the attack. *Sneed*, supra, 267 Ga. App. at 641-642 (2) (c) (in light of the overwhelming

evidence against defendant, admission of co-defendants' statements was inconsequential and harmless).

(d) Finally, Tracy argues that his trial counsel was ineffective for failing to consult with him concerning jury selection. Trial counsel testified at the hearing on the motion for new trial, however, that Tracy was indeed allowed input into the process. The record also shows that Tracy twice backed out of guilty pleas, often did not cooperate with counsel, and was disruptive during voir dire. The defense nonetheless exercised its right to use its peremptory strikes to the maximum, striking twelve proposed jurors and two alternates. It was for the trial court to judge the credibility of Tracy's claim that he had not been consulted concerning jury selection. *Burdette v. State*, 276 Ga. App. 695, 700 (3) (624 SE2d 253) (2005) (trial court entitled to believe counsel over defendant concerning claim of inadequate consultation). There was no error in denying Tracy's motion for new trial on these grounds.

### *Case No. A06A0025*

On appeal, Alexander argues that his trial counsel was ineffective when he failed to object to testimony and argument concerning Franklin's guilty plea and when he failed to object to the introduction of Tracy's statement into evidence. We reject these contentions.

4. At the hearing on Alexander's motion for new trial, his trial counsel testified that he did not object to the references to Franklin's guilty plea because of his belief that "if you jump up and object to every little thing that might be objectionable," such objections tend to make a jury think that "[defense counsel is] trying to keep something out." As we have held in Division 3 above, the strategic decision to object to neither the testimony concerning Franklin's guilty plea nor the references in the State's closing argument to the same nor the admission of Tracy's statement did not amount to ineffective assistance. *Bogan*, supra, 255 Ga. App. at 415 (3) (a), (b); *Cunningham*, supra, 244 Ga. App. at 234 (3). Finally, we find no reasonable probability that the result would have been different but for such objections here, where Alexander confessed to planning the attack and to executing it at gunpoint. *Sneed*, supra, 267 Ga. App. at 641-642 (2) (c).

*Judgments affirmed. Sentence vacated and case remanded for resentencing in Case No. A06A0544. Barnes and Bernes, JJ., concur.*

DECIDED APRIL 21, 2006 —
RECONSIDERATION DENIED MAY 4, 2006.

*William J. Mason,* for appellant (case no. A06A0025).
*James D. Lamb,* for appellant (case no. A06A0544).
*J. Gray Conger, District Attorney, Michael E. Craig, Assistant District Attorney,* for appellee.