**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 1, 2013**

# In the Court of Appeals of Georgia

A12A2396. DENNIS v. THE STATE.

BRANCH, Judge.

On appeal from his conviction for aggravated assault, Dwight Dennis argues that trial counsel was ineffective when he failed to move for a change in venue, to interview certain witnesses, and to assert a defense of involuntary intoxication. We affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." (Citation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt." (Citation, punctuation and footnote omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that on September 28, 2005, Dennis was working for a Coffee County mobile home manufacturer when he became involved in an argument with another worker. A supervisor told Dennis to return to ground level from the elevated position where he was working on a mobile home under construction. Just after Dennis did so, he accidentally knocked his own hat off his head. The worker he had been arguing with began to laugh. When the supervisor on duty said that the supervisor would be leaving in 30 minutes, Dennis asked him where he was going. As the supervisor turned toward Dennis to respond, Dennis struck him in the head with a wooden tool box. The victim fell to the floor with a cut to the head. He required hospitalization for a fractured skull and brain swelling. Witnesses heard Dennis say that people had been laughing at him and that "there was only so much a man could take."

After a jury found Dennis guilty of aggravated assault, he was convicted and sentenced to 20 years with 15 to serve. His motion for a new trial was denied. This appeal followed.

To show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Suggs v. State*, 272 Ga. 85, 87-88 (4) (526 SE2d 347) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). As to deficient performance, "every effort must be made to eliminate the distorting effects of hindsight," and a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (Citation and punctuation omitted.) *White v. State*, 265 Ga. 22, 23 (2) (453 SE2d 6) (1995). As to prejudice, a defendant need only show "a reasonable probability of a different outcome" due to trial counsel's deficient performance. (Punctuation and footnote omitted.) *Cobb v. State*, 283 Ga. 388, 391 (2) (658 SE2d 750) (2008). Finally, the question of ineffectiveness is a mixed one of both law and fact: "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Footnote omitted.) *Suggs*, supra at 88 (4).

1. Dennis first argues that trial counsel was ineffective when he failed to move for a change in venue. We disagree.

3

Under OCGA § 17-7-150 (a) (1), a defendant facing a jury trial may move for a change in venue "whenever, in the defendant's or defense counsel's judgment, an impartial jury cannot be obtained in the county where the crime is alleged to have been committed." In a motion for a change of venue, "the petitioner must show (1) that the setting of the trial was inherently prejudicial or (2) that the jury selection process showed actual prejudice to a degree that rendered a fair trial impossible." (Citations and punctuation omitted.) *Edmond v. State*, 283 Ga. 507, 508 (2) (661 SE2d 520) (2008). The trial court has discretion to grant a change of venue, and its decision on the matter will not be disturbed absent abuse. Id.

On the basis of a local newspaper story about the assault, Dennis asked his trial counsel to file a motion for a change of venue. At the hearing on the motion for new trial, counsel testified that as a result of Dennis's request, he asked each juror in voir dire "whether they had any prior knowledge of the case, if they had seen the . . . article, [or] if they had known about the incident," but that no juror responded in the positive. Because, as counsel testified, "none of the prospective jurors indicated that they were aware of the case," counsel told Dennis that a motion for a change in venue would not succeed and did not file such a motion.

4

Voir dire in this case was not transcribed, such that the only evidence of what transpired came from testimony at the hearing on Dennis's motion for new trial. Thus Dennis has "made no showing that the setting of the trial was inherently prejudicial, i.e., that any publicity was factually incorrect, inflammatory, or reflective of an atmosphere of hostility[, or that] he could not receive a fair trial due to the prejudice of individual jurors[,] since no potential jurors were excused for having a fixed opinion" as to Dennis's guilt. (Citation and punctuation omitted.) *Edmond*, supra at 508 (2). It follows that the trial court did not clearly err when it concluded that counsel was not ineffective when he failed to move for a change in venue. See *Walker v. State*, 223 Ga. App. 21, 24 (476 SE2d 801) (1996) (where defendant had "made no showing that the jury in [his] case was in fact not impartial," the trial court did not clearly err in rejecting his claim of ineffective assistance arising from counsel's failure to move for a change in venue) (citation omitted).

2. Dennis also argues that trial counsel was ineffective when he (a) chose to interview only eyewitnesses to the case and not other workers, and (b) failed to interview Dennis's doctor about a possible involuntary intoxication defense. Again, we disagree.

(a) Trial counsel testified that his strategy was to attempt to impeach the eyewitnesses to the case rather than to present any witnesses of his own, but that all the eyewitnesses "testified consistently" and could not be impeached. "Trial tactics and strategy, however mistaken they may appear with hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them." (Citation and punctuation omitted.) *Abernathy v. State*, 278 Ga. App. 574, 587 (3) (b) (v) (630 SE2d 421) (2006).

For his part, moreover, Dennis failed to proffer any specific evidence from any witness at the hearing on his motion for new trial not called to testify at trial, let alone show that such evidence would likely have affected the outcome of his trial, particularly in light of his admission at the hearing on the motion for new trial that he hit the victim in the head with a toolbox. Because Dennis "was required to offer more than mere speculation" that any particular witness's evidence would have assisted his defense at trial, his claim of ineffective assistance must fail. *Dickens v. State*, 280 Ga. 320, 323 (2) (627 SE2d 587) (2006), citing *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 616 (458 SE2d 623) (1995).

6

(b) At the hearing on the motion for new trial, counsel testified that Dennis told him that at the time of the assault, he had not taken his prescribed psychotropic drugs for two months. Counsel thus concluded that because there was no evidence of Dennis's substance use or abuse at that time, an involuntary intoxication defense was not feasible. Just as counsel was entitled to believe what Dennis told him before counsel made the strategic decision not to present this defense, the trial court was justified in believing counsel's account of the matter. See *Johnson v. State*, 279 Ga. App. 182, 186 (3) (d) (630 SE2d 778) (2006) (trial court was entitled to judge the credibility of defendant's claim that he had not been consulted adequately, and thus to reject his ineffective assistance claim made on that basis). Finally, to the extent Dennis is asserting that any underlying psychological condition was the cause of his behavior, he proffered no expert evidence concerning such a condition at the hearing on his motion for new trial. See *Haygood v. State*, 289 Ga. App. 187, 193 (2) (a) (656 SE2d 541) (2008) (defendant could not show either deficient performance nor prejudice when "nothing in the trial record" suggested that he was denied a fair trial because counsel did not investigate his competency and when he failed to show a reasonable probability that the outcome of trial would have been different but for counsel's failure to investigate).

7

It follows from all we have said above that the trial court did not clearly err when it concluded that Dennis's trial counsel was not ineffective.

*Judgment affirmed. Miller, P. J., and Ray, J., concur.*