**THIRD DIVISION
MCFADDEN, C. J.,
DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

_DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES._

**December 3, 2020**

# In the Court of Appeals of Georgia

A20A1964. BUCHANAN v. THE STATE.

McFADDEN, Chief Judge.

After a jury trial, Damion Roger Buchanan was convicted of one count of armed robbery and three counts of aggravated assault. The trial court merged one of the aggravated assault counts with the other counts and sentenced Buchanan to serve 35 years in confinement and 10 years on probation. Buchanan appeals the denial of his motion for new trial, arguing that the evidence does not support his convictions; that the trial court failed to exercise his discretion as the 13th juror; that one of his aggravated assault convictions merged with his armed robbery conviction; and that he was entitled to a directed verdict of acquittal because the evidence showed that he abandoned the criminal enterprise. We hold that the evidence was sufficient to support the convictions; that Buchanan waived any 13th juror grounds in his motion

for new trial; that Buchanan's merger argument lacks merit because the convictions he points to involved different victims; and that the trial court did not err in denying Buchanan's motion for directed verdict of acquittal. So we affirm.

1. *Evidence.*

Viewed in the light most favorable to the jury's verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence presented at Buchanan's trial showed that the victims, a husband and wife and their daughter and son, returned home after leaving their business around 11:30 one night. They stayed in their SUV in the garage, texting a birthday greeting to a family friend. Two men wearing black clothing and gloves rushed into the garage with guns drawn. The men yelled, "This is a robbery," and, at gunpoint, ordered the victims out of their SUV. One of the men ordered the wife to close the garage door, while the other man ordered the husband into the house.

The husband identified his assailant as Burt Everet Thompson, whose conviction we have already affirmed.[1] Thompson demanded money from the husband and struck him in the head with a gun. The husband said that he had money upstairs

---

[1]We affirmed Thompson's convictions of kidnapping with bodily injury, armed robbery, and three counts of aggravated assault in *Thompson v. State*, 314 Ga. App. 469 (724 SE2d 475) (2012).

in a safe in a closet in the master bedroom. Thompson ordered the husband upstairs. Thompson again struck the husband with the gun as he was trying to open the safe. The husband could not see to open the safe because he was bleeding profusely and the blood was obscuring his vision. Thompson took the husband into the bathroom to wash away the blood, and while they were there, Thompson was looking out the window and called someone on his cell phone, repeatedly saying, "Dog, where are you?"

The husband opened the safe, but before he removed any money, Thompson ordered him downstairs and into the garage. The husband gave Thompson the money from his pocket, around $1,500. Thompson was frantically looking toward the street from the garage, and the husband made a dash for the door into the kitchen. The husband entered the house, and slammed the door shut and locked it. The husband was afraid Thompson would start shooting, so he lay on the floor on his stomach. He called the police, who told him that his wife already had called and that his family was safe. The husband then crawled to the front of the house to look out the window for his family. He saw a Nissan pull up in front of his house. The next time he looked out the window, he saw the Nissan pulling away.

While the husband was in the house with Thompson, the wife's assailant, who she identified as Buchanan, put his arm around her throat and put his gun to her head. The wife began struggling with Buchanan for the gun, and they moved outside the garage into the yard. The wife fell to the ground. The son then jumped on Buchanan's back, and they began to fight. The wife grabbed her daughter, told the son to run, and the three of them ran to a neighbors' house. The wife called the police. She looked out of the neighbors' window since her husband was still inside their house. The wife saw Buchanan looking on the ground in the area where they had been fighting and where police later recovered a gun's magazine. She then saw Buchanan run to her back yard toward the street behind her house, and he disappeared from her sight. Moments later, she saw a Nissan pull up in front of her house. Buchanan got out of the Nissan, Thompson exited the victims' house, and then both of the men entered the car. The car sped off.

The police had set up a roadblock at the single exit from the victims' subdivision. The Nissan accelerated toward the roadblock, slammed on the brakes, and then reversed, hitting a brick mailbox. The Nissan became lodged on the mailbox. Thompson and Buchanan were in the Nissan. Both men were wearing dark clothing, Thompson had gloves, and Buchanan was wearing a bulletproof vest. Close to $1,500

was found on the back seat of the Nissan. Gloves and two handguns were in the car, and the husband's blood was on one of the guns.

This evidence was sufficient to sustain Buchanan's convictions, either directly or as a party to the crimes. See OCGA § 16-5-21 (aggravated assault); OCGA § 16-8-41 (armed robbery); OCGA § 16-20-20 (parties to a crime).

2. *Motion for new trial.*

Buchanan argues that the trial court erred by denying his motion for new trial because the verdicts were contrary to evidence and principles of justice and equity. . But Buchanan acquiesced in the trial court's decision not to consider these discretionary grounds for a motion for new trial. So we do not address his argument.

In his motion for new trial, Buchanan listed as a ground: "The evidence was insufficient as a matter of law for the jury to have convicted the Defendant in this matter, and the interests of justice require that he be granted a new trial." We assume that this ground raised both the sufficiency of the evidence to support the convictions under *Jackson v. Virginia*, 443 U. S. at 307 and the general grounds under OCGA §§ 5-5-20 and 5-5-21.

But at the hearing on the motion for new trial, the trial court, in describing Buchanan's motion for new trial, stated, "Paragraph two alleges that the evidence was

5

insufficient as a matter of law for the jury to convict the Defendant. I construe that to be a *Jackson v. Virginia* claim. There has been no claim in the motion for new trial or the amendment to the motion for new trial that would require the court to exercise its discretion as the 13th juror." Defense counsel did not object or correct the court's statement. So in the order denying the motion for new trial, the court wrote:

> After considering the evidence adduced at trial and construing it to support the verdict, the Court finds the evidence was sufficient to enable a rational trier of fact to find Defendant guilty beyond a reasonable doubt of the offense of armed robbery and three counts of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). Appellate counsel has not requested that this Court exercise its jurisdiction to sit as the thirteenth juror under OCGA §§ 5-5-20 and 5-5-21 and the Court declines to do so. With regard to these grounds the motion is DENIED.

Buchanan did not complain in the trial court that he had, in fact, raised the discretionary grounds in his motion for new trial. Nor does he argue on appeal that the trial court erred in finding that he did not request the court to exercise its discretion under OCGA §§ 5-5-20 and 5-5-21. "Under these circumstances, we must conclude that [Buchanan] agreed to have the trial court consider" only the sufficiency of the evidence and not the discretionary grounds for a motion for new trial. *Turner*

6

*v. Flournoy*, 277 Ga. 683, 685 (2) (594 SE2d 359) (2004). So we do not address his argument that the trial court erred in denying his motion for new trial on the discretionary grounds.

3. *Merger*.

Buchanan argues that his conviction for armed robbery of the husband, Count 2 of the indictment, and aggravated assault of the wife, Count 4 of the indictment, merged. "But the merger doctrine does not apply if each of the charged crimes was committed against a different victim." *Jones v. State*, 290 Ga. 670, 672 (2) (725 SE2d 236) (2012) (citations and punctuation omitted). "Because the armed robber[y] and aggravated assault[ counts that Buchanan challenges] were committed against different victims, the crimes do not merge as a matter of law or fact." *Verdree v. State*, 299 Ga. App. 673, 684 (6) (b) (683 SE2d 632) (2009).

3. *Abandonment of criminal enterprise*.

Buchanan argues that he was entitled to a directed verdict of acquittal on count 5, which charged aggravated assault for striking the husband with a handgun, because he had abandoned the criminal enterprise by the time Thompson struck the husband with the gun. See OCGA § 16-4-5. We disagree.

A directed verdict of acquittal should be entered where there is no conflict in the evidence and the evidence demands a verdict of acquittal with all reasonable deductions and inferences. . . . [I]n reviewing a denial of a motion for directed verdict, we apply the standard demanded by *Jackson v. Virginia*: Whether the evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the crimes for which he was convicted. Thus, because we have already determined that the evidence was sufficient to support [Buchanan's conviction of aggravated assault for striking the husband], see Division 1 [] above, [his] arguments about the trial court denying his directed verdict also fail.

*Boyd v. State*, 306 Ga. 204, 212 (2) (830 SE2d 160) (2019) (citations and punctuation omitted).

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur*.